RAILROAD v. WARD.

(*Nashville.*   January 23, 1897.)

MASTER AND SERVANT.   *Not fellow-servants.*

One employed by shippers to load potatoes from wagons into cars placed on side tracks, does not become a fellow-servant with the train's crew so as to defeat his recovery for an injury inflicted by the negligence of the engineer, when he, not as a mere volunteer in the service of the railroad company, but for the purpose of expediting his employer's business, assists, at the request, or with the consent, of a brakeman, in placing a car in a convenient place for loading, and is negligently injured while thus engaged.  And the company's liability cannot be defeated on the ground that the brakeman acted without authority, or that sufficient facilities had been provided by the company for placing the cars, without other assistance.

Cases cited and approved: 57 Am. Rep., 606; 54 Am. Rep., 803; 25 L. R. A., 659; 10 L. R. A., 97.

Cited and distinguished: 63 Tex.. 77; 4 Am. & Eng. Rep., 589, 599; 30 Atl. Rep., 116, 533.

FROM MAURY.

Appeal in error from Circuit Court of Maury County.  E. D. PATTERSON, J.

GEORGE T. HUGHES & SON for Railroad.

VOORHIES & FOWLER and JAMES A. SMISER for Ward.

Railroad *v.* Ward.

WILKES, J. This is an action for damages for personal injuries. There was a trial before the Court and jury, and a verdict and judgment for plaintiff for $1,075 and costs, and defendant railroad company has appealed, and assigned errors.

Plaintiff was engaged by several parties at Mt. Pleasant to load potatoes in barrels from wagons into the cars which were placed upon the side tracks. It was necessary, for the more convenient and expeditious loading of the potatoes, to have the cars moved to another point on the side tracks, where the cars could be more readily reached by the wagons. At the request of Bibb, brakeman on the train, plaintiff went on top of a car to assist in placing it at a convenient and proper place, and while he was so engaged the engine struck the car with force and violence, and plaintiff was thrown to the ground and had his foot crushed by the cars running over it. It was customary to require shippers to load the cars upon the side tracks, and the railroad company and employees placed the cars at convenient places for that purpose.

The main and perhaps only question in this case is admirably stated by opposing counsel, and plainly and very pointedly put to the jury in an admirable charge by the Court. The contention of defendant railroad company is, that the company had sufficient crew to place the cars properly, and would have done so, and there was no emergency or necessity for the plaintiff to aid in this work, and, in so

doing, he was a mere volunteer, or acting under the unauthorized invitation of the brakeman, and became a fellow-servant with him and the engineer, and hence he was not entitled to recover.

The theory of plaintiff is that it was necessary to replace the cars in another position, and that he and his employers had an interest in having them so placed in order to expedite their own work, and hence· he was not a fellow-servant with company's employees, but was engaged in his employer's work and was entitled to recover for the negligent acts of the company's servants. Upon this point the learned trial Judge gave the following instructions: "The defendant insists that the plaintiff was a volunteer merely; that is, he was voluntarily assisting the brakeman, whose own duty it was to do the work which plaintiff undertook to do. If this is so— that is, if you find that the plaintiff was a mere volunteer, having no interest, either for himself or his employer, in the work which he was undertaking to do, that is, in assisting brakeman Bibb in his work—then he could not recover for the negligent acts of any of the agents and servants of the defendant company, unless their conduct was so grossly negligent as to show a wanton, willful, and reckless disregard of his safety. If the plaintiff was, as I have just said, simply assisting Bibb, the brakeman, in doing work which it was Bibb's duty to perform, then he cannot recover from the defendant for any injury caused by the negligence or misconduct

of the engineer or other servants and agents of defendants. And, if you so find, you need not investigate the case further, but you will return a verdict for the defendant. But it is insisted in behalf of the plaintiff that he was not a mere volunteer, and that he did not stand in the relation of a fellow-servant to the employees of defendant, but that he was assisting Bibb, the servant of the railroad company, at his request, for the purpose of expediting his own work, which he was employed to do, in relation to the loading of the cars with potatoes. How this fact was you will determine from the proof. And it is a vital question, and one to be determined at the threshold of your investigation; that is, was this act of the plaintiff in going upon the car, at the invitation and request of the brakeman, Bibb, prompted by a desire to promote his own interest, or that of his employers, and expecting thus to expedite and facilitate his own work and promote the interest of his employer, or was he there simply to assist the servants of the defendant in their work or as a matter of accommodation to Bibb? In the former case he would have the right to recover, provided the alleged negligence and injury is made out in other respects. In the latter case he could not recover. If you find from the proof that the plaintiff was engaged in the work of loading potatoes for the parties named in the declaration, and that it was to his interest, or that of his employers, in expediting his own work that he should assist in moving

the cars to where they were wanted, and that such self-interest prompted him to comply with the request of Bibb to help him about the car, and that Bibb was the man in charge of that part of the work, and the man whose duty it was to do the work plaintiff was requested to do, and you further find that the action of the plaintiff was a reasonable and prudent act under the circumstances, and that while so engaged he was injured by the negligence of the agents and servants of the defendant company, then, under such circumstances, the plaintiff would be entitled to recover.''

Defendant relies upon the cases of *Mayton* v. *The Texas & Pacific Ry.*, 63 Tex., 77 ; *Therman* v. *Hannibal R. R.*, 4 A. & E. Rep., 589 ; *Everhart* v. *T. H. & I. R. R.*, 4 Am. & Eng. Rep., 599, as holding the general rule that one who volunteers services, or performs them at the request of an employee not authorized to employ him, stands in the same relation to the company as to liability of the company as those with whom he associates himself. Counsel for the railroad concedes that cases may be taken out of this general rule, but insists there must appear a self-interest in the very work to be done, citing *Welch* v. *Maine Central R. R.*, 30 Atlantic Rep., 116 ; also the case of *Wisham* v. *Richards*, 20 Atlantic Rep., 533 (136 Penn. State Reps., 109), as illustrating the rule and exceptions.

The contention of plaintiffs is illustrated by the case of *Eason* v. *S. & E. T. R. R. Co.*, 57 Am. Reps.,

606.    In that case the person injured was not receiv-
ing or loading freight.    He was attempting to help
move a car so as to place it where he could more
conveniently get at it in order to load it for his em-
ployers.    The opinion does not say in that case that
the conductor said he was short of hands, and it
does not state that it was necessary for the plaintiff
to undertake the work at which he was injured.
The decision of the Court is based upon the broad
proposition that his employers were interested in
having the work done, and that, therefore, what he
did was done in their interest, and not in that of
the defendant; and that, therefore, he was not a
mere volunteer, and was entitled to protection.

Another case in point is *McIntire St. R. Co.* v.
*Bolton*, from the Supreme Court of Ohio, reported
in 54 Am. Reps., 803.    In that case, a passenger
on a street railway was injured.    The car which he
was upon had got off of the right track, and he
was assisting the servants of the road in pushing it
back, when he was injured by another car belonging
to the same road.    In this case, it is not shown
that he was requested to assist in what he was doing,
nor is it anywhere stated that it was necessary for
him thus to assist in order to get it back, or that
he would save much time by assisting, or that he was
in any haste to pursue his journey.    The Court put
the case upon the distinct ground that he had an
interest in having the car shoved back, in order to
facilitate his journey; that what he was doing was

reasonable and prudent; and that it was not contrary to the wishes of the servant of defendant who had the car in charge.

A very carefully considered case is that of *O'Donnell* v. *Maine Central R. Co.*, 25 Lawyers' Rep. Annotated, 659. In that case the same arguments urged by counsel for defendant in this case, were pressed on the Court. It is said in the opinion: "It is undoubtedly true that if one who has no interest in the work to be performed, a mere bystander, voluntarily assists the servants of another, either with or without the latter's request, he must do so at his own risk, and the jury were so instructed in this case. But it is equally well settled that one who has an interest in the work to be performed, and for his own convenience, or to facilitate or expedite his own work, assists the servants of another, at their request or with their consent, is not thereby deprived of his right to be protected against the carelessness of the other's servants. In the former class of cases the master will not be responsible, in the latter he will be. This distinction is sustained by every text-book to which our attention has been called, and is well sustained by adjudged cases."

And a little further on, the law is stated thus: "The distinction running through all the cases is this: That where a mere volunteer—that is, one who has no interest in the work—undertakes to assist the servants of another, he does so at his

14 r—9

own risk. In such a case the maxim *respondeat superior* does not apply. But where one has an interest in the work, either as a consignee or the servant of a consignee, or in any other capacity, and, at the request or with the consent of another's servants, undertakes to assist them, he does not do so at his own risk, and if injured by their carelessness, their master is responsible. In such a case the maxim of *respondeat superior* does apply. The thing on which the cases turn is the presence or absence of self-interest. In the one case, the person injured is a mere intruder or officious intermeddler; in the other, he is a person in the regular pursuit of his own business, and entitled to the same protection as anyone whose business relations with the master expose him to injury from the carelessness of the master's servants.'' It was there urged, too, that the servants of defendant had no authority to make the request or give the consent relied upon, and the Court answered the contention as follows: '' But in the present case it is urged by the learned counsel for the railroad company, that the crew in charge of the gravel train had no authority to make such a request or give such consent as will authorize the servants of the consignee to remove or assist in the removal of earth from the cars. We do not think that such a want of authority exists. It seems to us that the persons having the charge of freight cars are the very ones to give such consent,

or to make such a request; and it has been so held, both in England and in this country."

The case of *Wischam* v. *Richards*, cited and relied upon by the defendant in this case, is referred to in that opinion as upholding the doctrine herein laid down. The Court says of it: "The recent case of *Wischam* v. *Richards*, 136 Pa., 109 (10 L. R. A., 97), cited by defendant's counsel, is not opposed to it. It sustains it. In that case the plaintiff was hurt while assisting the defendant's servants in unloading a heavy fly wheel from the wagon. The Court found, as a matter of fact, that the plaintiff was a mere volunteer, having no interest in the work which he undertook to assist the defendant's servants in performing, and, consequently, that he had no remedy against their master."

It is earnestly insisted, however, that the rule of liability cannot exist unless there was a necessity on the part of the railroad to have the services of the plaintiff, and that if the business was that of the railroad, and it had sufficient force to perform it, then the plaintiff must be considered a volunteer and intermeddler. But none of the cases holding the company liable proceed upon this ground, but upon the more satisfactory one, whether the plaintiff is to be regarded in such cases as expediting and forwarding his own business, or that of the railroad company, either as an accommodation or as a necessary help. In other words, was he engaged in his own business or that of the railroad? If the former, the

road is liable if there is negligence; in the latter it is not, because the negligence is that of a fellow-servant, and this is equally so whether his aid is necessary to the road's performance of its duty or not. The emergency or necessity which will authorize him to aid the railroad, and protect him in so doing, is one that arises in his own business, and not in that of the railroad company.

The questions of fact in this case were properly left to the jury—that is, as to whether plaintiff was a mere volunteer, aiding the brakeman on his invitation, or whether he was acting in his own interest and that of his employers. The question of negligence in the servants of the railroad company was left to the jury, and they were told that in no event could the plaintiff recover unless the railroad company was negligent.

We think the matter was properly submitted to the jury, under a proper charge, and they have found for the plaintiff's contention, and the judgment of the Court below is affirmed, with costs.