Chicago—First District—May, 1913.    461

Johanson v. William Johnston Printing Co., 180 Ill. App. 461.

John T. Johanson, Appellee, v. William Johnston Printing Company, Appellant.

Gen. No. 17,452.

1. Negligence—*scalding boiler repairer.* Where from the evidence the jury may believe that plaintiff, a boiler inspector, informed defendant's engineer to turn the cold water into the combustion chamber because he was going in, and not to leave until he was done, and hot water began to be forced into the chamber when he was almost done and scalded him until the engineer returned five minutes later, a finding of negligence will be sustained.

2. Negligence—*care as to invitee.* Where a lessee in possession of a building informs the owner's agent that the boiler is defective and such agent notifies a company which sends its superintendent to investigate and report, such superintendent is rightly on the premises and the lessee owes him the duty to exercise ordinary care while he is on the premises in connection with the work.

3. Master and servant—*when servant is acting within scope of employment.* Where an engineer charged with the care of the engine room and boiler of a building for one in possession thereof as lessee, is assisting a superintendent of a company who is sent to investigate and report as to alleged defects in the boiler on complaint by the lessee to the agent of the owner, such engineer in assisting the superintendent under his direction is in the performance of proper and usual duties fairly implied from the nature of and within the scope of his employment when there is no evidence that, at the time of the investigation, the lessee excused said engineer from his duties.

Appeal from the Superior Court of Cook County; the Hon. Farlin Q. Ball, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed May 26, 1913.

Charles J. O'Connor and J. C. M. Clow, for appellant.

Edward J. Queeny and William J. Lacey, for appellee.

Mr. Presiding Justice Smith delivered the opinion of the court.

The defendant, here the appellant, was in possession

of the building known and described as Nos. 190-192 Fifth avenue, Chicago, under a lease for the term of five years, with the usual covenant to repair and yield up the same at the expiration of the term in good condition and repair, loss by fire and ordinary wear excepted. The boiler in the engine room began to leak and Mr. Johnston of the defendant Company called up Bond & Co., the agents for the owner of the building, and told them of the bad condition of the boiler, and thereupon Bond & Co. called up the Page Boiler Co. and asked that a man be sent to look at the boiler and report to them. In compliance with this request the Page Boiler Co. sent the plaintiff, its superintendent, to examine the boiler. On arriving at the said building the plaintiff inquired of the Sunset Distilling Company, a tenant of the defendant, occupying the first floor of the said building, the location of the engine room and being directed thereto found the same in the basement and there met Mr. Rossow, the defendant's engineer. The fire had been drawn from under the boiler a few hours before plaintiff arrived. Mr. Rossow told the plaintiff that the boiler leaked so that it could not be fired. There was some talk between the two men and plaintiff testified that he told Mr. Rossow that he would go into the combustion chamber to find the trouble and for Mr. Rossow to turn the cold water in and not to go away until he was done; that the cold water was turned in and the plaintiff went into the combustion chamber and was nearly through when the hot water began to be forced into the combustion chamber and on him and he was being scalded; that he then became excited and began to call and was there about five minutes before Rossow returned and turned off the water and he was able to get out, but was badly scalded. Mr. Rossow testified that he turned on the cold water as requested and told the plaintiff it was not necessary to go into the combustion chamber to locate the trouble, because they could see it from the outside; that the elevator bell rang; that as a part of

his duties he ran the elevator and was required to answer the call, and he told the plaintiff that the water was turned on and not to go under the boiler into the combustion chamber until he came back and they would then find the leak; that the plaintiff was not in the combustion chamber when he left, and after doing certain work he returned and found the plaintiff under the boiler with his head part way out; that he ran and shut off the water and opened the hole in the rear of the combustion chamber through which plaintiff managed to get out.

The jury found the defendant guilty and assessed the plaintiff's damages at $2916, and the court entering judgment thereon the defendant appealed.

If the testimony of Mr. Rossow be true, there was no negligence by anyone except the plaintiff. If the testimony of the plaintiff be true, and it is evident the jury so accepted it, and there is no good reason why we should hold contrary to the finding of the jury thereon, the plaintiff was guilty of no contributory negligence and Rossow was clearly guilty of negligence as charged.

Whether it was the duty of the defendant or the owner to make the necessary repairs on the said boiler, we think it not necessary to here determine. Under the circumstances the plaintiff was rightly on the said premises on the invitation of the defendant through Bond & Co., and the defendant, in possession and control of the premises in question, owed him the duty of exercising ordinary care while he was on the premises in connection with the work in question.

The principal contention of the defendant, presented ably and exhaustively, is that under the circumstances, assuming that Rossow was guilty of negligence as charged, the doctrine of *respondeat superior* does not apply. It is urged that Rossow, in turning on the water and assisting the plaintiff, under the directions of the plaintiff, was engaged in the work of another, either the plaintiff or the Page Boiler Company, and

464    APPELLATE COURTS OF ILLINOIS.

Johanson v. William Johnston Printing Co., 180 Ill. App. 461.

that in the assistance he rendered plaintiff he was a mere volunteer acting without the scope of his employment. The principle of law invoked by the defendant that a master is not liable for the acts of a servant in the performance of the servant's own work or that of another, or, in other words, without the scope of his employment, may be conceded.

In its brief the defendant, in support of its argument, quotes the following from *Grace & Hyde Co. v. Probst,* 208 Ill. 147: "One who is the general agent of another may be loaned or hired by his master to a third party for some special service, and as to that particular service he will become the agent of the third party. The master is the one who has the direction and control of the servant, and the test is, whether, in the particular service, the servant continues liable to the direction and control of his master or becomes subject to the party to whom he is loaned or hired."

Tested by this rule we find no evidence that the defendant either loaned or hired Rossow to the plaintiff or the Page Boiler Company and no evidence that Rossow was at any time under the direction and control of any other than the defendant. On the contrary, the evidence tends to show that during all of said time Rossow was under the direction of the defendant. One of the duties of his employment was the care of the engine room and the boiler, and there is no evidence that at the time in question he was excused therefrom by the defendant. It was in the interest of the defendant that the leak in the boiler be speedily discovered and remedied, and it may be readily surmised what the defendant would have said to Rossow if he had refused to co-operate in this service in the interests of the defendant.

In Wood on Master and Servant it is said, section 279:

"The question usually presented is whether, as a matter of fact, or of law, the injury was received under such circumstances that, under the employment, the

master can be said to have *authorized* the act, for if he did not, either *in fact* or *in law*, he cannot be made chargeable for its consequences, because, not having been done under authority from him, *express or implied*, it can, in no sense, be said to be his act, and the maxim previously referred to does not apply.   The test of liability in all cases depends upon the question whether the injury was committed by the authority of the master expressly conferred, or fairly implied from the nature of the employment and the duties incident to it. This leads us then to the general and inflexible rule controlling in all such cases, and that is, that for all acts done by the servant under the express orders or direction of the master, as well as for all acts done in execution of his master's business within the scope of his employment, the master is responsible; but, when the act is not within the scope of his employment, or in obedience to the master's orders, it is the act of the servant and not of the master, and the servant alone is responsible therefor.''

It seems to us that Rossow in assisting the plaintiff was in the performance of proper and usual duties fairly implied from the nature of and within the scope of his employment.   This opinion is sustained by *Railroad v. Ward,* 98 Tenn. 123; *Welch v. Maine Cent. R. Co.,* 86 Me. 552, and *Eason v. S. & E. T. Ry. Co.,* 65 Tex. 577, with the many authorities therein cited and reviewed.

The judgment is affirmed.

*Affirmed.*