## BROOKS v. SOUTHEASTERN MOTOR TRUCK LINES, Inc.—252 S. W. (2d) 128.

Western Division at Jackson. May 28, 1952.

Petition for Certiorari denied by Supreme Court, October 10, 1952.

Albert G. Riley, of Memphis, for plaintiff-in-error.

Taylor & Quick, of Memphis, for defendant-in-error.

SWEPSTON, J. Plaintiff-in-error, Mrs. Brooks, here-inafter called plaintiff, sued the defendant for damages

for personal injuries sustained when she stepped in a hole in the floor of one of defendant's trucks. At the conclusion of all the evidence a verdict was directed for defendant upon the ground there was no evidence of actionable negligence.

She has appealed and assigned error.

The declaration alleges that plaintiff was employed as a receiving clerk for freight shipments at the Mallory Air Force Depot in Memphis and that defendant operates a trucking business; that one of defendant's trucks came to her station to unload a shipment of freight and that she in the ordinary and usual course of her duties in checking said freight entered the bed of said truck to locate a parcel of freight; that while in there she stepped through a hole in the floor and was injured; that defendant was negligent in that the floor was in a dangerous and unsafe condition to her in the use of same in carrying on her ordinary duties and defendant was negligent in operating, using and maintaining same in said condition; that said hole was not visible to her and she had no warning, notice or knowledge of same; that said hole had had remained there for a long time and defendant had been notified of the danger but had negligently failed to repair same; that she was in the exercise of ordinary care for her own safety.

Taking the evidence and all legitimate inferences therefrom in the light most favorable to plaintiff and discarding all countervailing evidence the record reflects the following.

Plaintiff had been employed for the past three years at the Mallory Air Force Depot in Memphis in the freight receiving department as a checker. February 6, 1950, one of defendant's trucks arrived at the unloading dock

with 140 cans of water weighing about 40 pounds each some unspecified time before noon. Plaintiff went to lunch at noon, after which she resumed checking. The driver was a Negro man who had made deliveries there on prior occasions. Plaintiff went to lunch at noon, after which she resumed checking. The driver had unloaded all but one of these packages, but he had not found the last package. While he was hunting for it and moving other packages not included in this shipment to the depot, plaintiff stepped from the receiving platform of the warehouse into the covered bed of the truck, found the package near the front on the right side. She announced to the driver she had found it, she stepped back towards the left side of the truck and one foot and leg went down through a small hole near the middle of the floor on the left side of the truck, causing her injury; that the hole was covered by packages when she went in and she could not see, but the driver uncovered it while he was searching for the particular package.

There is no evidence that she was requested to assist the truck driver in the performance of his duty of unloading. She testified that her purpose in entering the truck was the driver was unable to find the package, that she had to have the shipping document or invoice in order to identify the goods before she would want to sign a receipt for their delivery, that each package had its invoice attached to it, that she could identify the government packages by the stencils on them better than the driver could and in short, that she was trying to expedite the business of her employer, the Government.

She offered a proof of custom or practice on the part of herself and other receiving clerks of entering trucks to expedite the procurement of these shipping documents

attached to packages. There is no evidence, however, that defendant knew of such custom, nor that any of its officials had ever been to the depot, nor that any of the depot employees had entered the defendant's trucks theretofore, nor of any other facts that would charge defendant with knowledge of the custom.

■ Plaintiff admits that the driver alone was required to unload the truck. Several of defendant's witnesses are uncontradicted and unimpeached in testifying that its drivers are prohibited from permitting others than its employees to enter the trucks; hence, this must be taken as true. DeKalb County v. Tenn. Elec. Power Co., 17 Tenn. App. 343, 67 S. W. (2d) 555; Frank v. Wright, 140 Tenn. 535, 205 S. W. 434.

The theory of plaintiff is that she entered the truck for the purpose of expediting the business of her employer and not for the purpose of assisting the driver in the performance of his duties. She relies upon Railroad v. Ward, 98 Tenn. 123, 38 S. W. 727, and the cases cited therein as well as others such as Hughes v. Shanafelt, 203 Okl. 80, 218 P. (2d) 350; Krull v. Triangle Dairy Co., 59 Ohio App. 107, 17 N. E. (2d) 291; Stallcup v. United Gas Public Service Co., Tex. Civ. App., 119 S. W. (2d) 574.

In the Ward case plaintiff who was employed by shippers to load potatoes into railroad cars was requested by a brakeman to go on top of a freight car to assist in spotting the car at a more convenient place on the siding for the loading. The engineer bumped the car and caused plaintiff to fall off whereby he was injured. Held, the case was properly submitted to the jury under instructions that if they found plaintiff went on the car merely to assist the brakeman in the performance of

his duties, he would be a volunteer and could not recover for the negligent acts of the engineer or other fellow servant; but that if he went to the assistance of the brakeman with the purpose of expediting *his own or his employer's* work in arranging for more conveniently loading the potatoes and did so either at the request of, or *by consent* of, the brakeman, he could recover of the railroad for the negligence of its servants; further, such liability cannot be defeated on the ground that sufficient facilities had been provided by the railroad; nor on the ground that the brakeman acted without authority in requesting, or consenting to, plaintiff's assistance, since he and the rest of the crew were in charge of the cars.

We think the Ward case is applicable here and, if plaintiff shows that the driver requested, or consented to, her assistance or if she shows a custom known either actually or constructively to defendant that depot employees were entering defendant's trucks, she would be entitled to go to the jury on the question of negligence and the question, if any, whether she merely helped the driver to perform his duties as a volunteer, or whether she purposed to expedite her employer's business; if the former, she could not recover, but if the latter, she could.

■ "Where a custom is relied upon, however it should appear that the party against whom it is invoked had actual knowledge of it or that it has endured for such a long time and is so certain, uniform and notorious that a presumption arises that the public in general and the parties in particular knew of it. * * *" Avery Bryan, Inc. v. Hubbard, 32 Tenn. App. 648, 225 S. W. (2d) 282, 287.

116

 We think the evidence fails to show either as to defendant.

Also, there is no evidence of a request by the driver for assistance.

 Nor is there any evidence of consent by the driver. The testimony of plaintiff is that she stood on the warehouse platform before and after noon while the driver sorted and separated the depot packages from the others and unloaded 139 packages; then while he was moving other packages about in an effort to find the last package, she without a word to the driver walked into the truck, picked up the package in the front end of the bed, announced she had found it, and then stepped back into the hole. Her testimony is (R. 18) ''I stepped into the truck to help him and said, 'There it is' and in the meantime he was moving boxes trying to look for it, and as I stepped back, I stepped into this hole.'' Also (R. 30) :

''Q. Now, you went into the truck. Was the driver in the truck when you went into the truck looking for the box? A. Yes, sir.

''Q. What was he doing? A. He was looking for the box, too.

''Q. He was looking for the box? Yes, sir.

''Q. That was the only remaining box of the 140 shipment? A. Yes, sir.

''Q. Now, did you look as you went into the truck to see if anything was on the floor? A. Boxes were all over the floor.

''Q. And both you and the driver were looking for this box and you didn't see the hole because he had a box over the hole? A. I went into the truck and found the box at the nose of the truck.''
Again (R. 40) :

"Q. Did Lewellyn, the truck driver, spend some little time, before you went into the truck, looking for that box? A. Yes, sir.

"Q. Did he tell you anything about it, ask you to come in? What was said about it? A. He said: 'I have all but one of them.'

"Q. Then you went in to try to find it. A. Yes sir."

We do not think this testimony is susceptible of any finding of consent on the part of the driver. We may assume arguendo that the driver had ostensible authority to invite or consent to her assistance, but it is established by testimony of defendant's officials which is undisputed and unimpeached and, therefore, must be taken as true, cases supra, that the driver had express instructions not to permit anyone else on or in the truck and there is no evidence that he had ever violated these instructions.

What is the picture, then?

The driver working under these instructions and engaged inside the truck moving packages remarked: "I have all but one of them." Whereupon plaintiff without a word entered the truck and said "There it is".

There is no evidence to show that the driver was looking at the plaintiff or was otherwise conscious of her entry into the truck, or of her presence after she went inside for a sufficient length of time from which his consent could be inferred either from his failure to prevent her entry or to ask her to get out.

We think the doctrine of the Ward case is not applicable in the absence of a request by, or of consent of, the owner of the truck or that of his employee having either express, or implied, or ostensible authority.

■ We are, therefore, of opinion that on this record plaintiff falls into the category of a trespasser, to whom the defendant is not liable for simply negligence, that is, the failure to use ordinary care.

The assignment is overruled and the judgment below is affirmed with costs.

Anderson, P. J., and Baptist, J., concur.