4 F.3d 995
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Glen WILSON and Beverly Wilson, Plaintiffs-Appellants,
v.
Gilbert WILSON, Defendant-Appellant.
 No. 92-6344.
 United States Court of Appeals, Sixth Circuit.
 Aug. 24, 1993.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges; CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this diversity negligence action, plaintiffs Glen Wilson and Beverly Wilson challenge the district court's entry of summary judgment in favor of defendant Gilbert Wilson.[1] We have jurisdiction under 28 U.S.C. Sec. 1291. For the following reasons, we AFFIRM.
 
 I.
 
 2
 Defendant Gilbert Wilson is plaintiff Glen Wilson's father. Since 1979, defendant has owned a garden tractor, which he uses to mow his lawn. Shortly after purchasing the mower, defendant removed the guard from the discharge opening of the mower because it became clogged with grass during use. The guard was designed to prevent bodily contact with the mower's blades.
 
 
 3
 In 1991, plaintiff visited defendant in the hospital, at which time defendant was all but comatose. Plaintiff and his siblings decided to complete some needed maintenance at defendant's residence, including mowing the lawn. They did so with their mother's consent.
 
 
 4
 While plaintiff was operating defendant's garden tractor, it overturned, and plaintiff's right hand entered the discharge opening. Plaintiff's fourth and fifth fingers were severed completely.
 
 
 5
 Plaintiff sued defendant in district court for negligently failing to warn him of the danger posed by the mower absent the safety guard, and of the tractor's tendency to overturn on an incline. Defendant moved for summary judgment, which the district court granted finding (1) that defendant had no duty to warn of the open and obvious danger presented by the absence of the guard, and (2) that even if a duty existed, defendant was unable to fulfill that duty because of his incapacitation at the time of the accident.
 
 
 6
 Plaintiff now timely appeals.
 
 II.
 A.
 
 7
 Plaintiff argues first that the district court erred when it held that, under Tennessee law, defendant had no duty to warn plaintiff of the danger presented by the removed guard. We disagree.
 
 
 8
 First, under Tennessee law, an owner of property or equipment only owes a "volunteer" a duty not to injury him by gross negligence, wantonness, or willfulness. See Rogers v. Garrett, 397 S.W.2d 372, 374 (Tenn.1965); Odum v. Haynes, 494 S.W.2d 795, 801 (Tenn.Ct.App.1972); Brooks v. Southeastern Motor Truck Lines, Inc., 252 S.W.2d 128, 130 (Tenn.Ct.App.1952). Here, plaintiff plainly volunteered to mow the lawn using the tractor; therefore, defendant only owed him a duty not to act wantonly or willfully. Plaintiff has not alleged that defendant acted in such a manner; thus, as a matter of law, defendant is entitled to summary judgment.
 
 
 9
 Second, a defendant owes no duty of care to prevent unforeseeable harms to unforeseeable plaintiffs. See Ray Carter, Inc. v. Edwards, 436 S.W.2d 864, 867 (Tenn.1969); Hastings v. Smith, 443 S.W.2d 436, 438 (Tenn.1969); Lancaster v. Montesi, 390 S.W.2d 217, 220 (Tenn.1965); Tidwell v. Kay's of Nashville, Inc., 250 S.W.2d 75, 77 (Tenn.1952). Here, defendant could not have been aware that plaintiff had volunteered to use the tractor while he was completely insensate. Even if he had been aware, he could not have foresaw that plaintiff would use the tractor when he had never done so before. For these reasons, plaintiff was an unforeseeable plaintiff and defendant owed him no duty.
 
 B.
 
 10
 As a final matter, we note that even where a duty is owed, it "imposes no obligation which is not within the actor's ability to perform...." Restatement (Second) of Torts Sec. 4 cmt. a (1965). See also 65 C.J.S. Negligence Sec. 4(2), at 487 (1966) ("Failure to do an act which is impossible is not negligence...."). Here, even if defendant had a duty to warn, he could not have done so because of his incapacity. Defendant cannot be liable for the breach of any duty that he could not possibly perform.
 
 III.
 
 11
 For the foregoing reasons, we AFFIRM.
 
 
 
 [1]
 Plaintiffs are residents of Missouri, while defendant is a resident of Tennessee