## TEXAS AND PACIFIC RAILWAY COMPANY
## v. BOURMAN.

### IN ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 56.  Argued January 6, 7, 1909.—Decided February 23, 1909.

The engineer of a train, and the section foreman, are fellow-servants of a section hand, and the latter cannot recover against the employer for an injury occurring through the negligence of either of the former. *Northern Pacific Railroad* v. *Egeland*, 163 U. S. 93, distinguished.

160 Fed. Rep. 452, reversed.

THE facts are stated in the opinion.

*Mr. Charles Payne Fenner*, with whom *Mr. William Wirt Howe* was on the brief, for plaintiff in error:

Plaintiff's injury was not due to any negligence on the part of the railway company. A plaintiff, in the first instance, must show negligence on the part of the defendant. The negligence of a defendant, as stated in that case, cannot be inferred from a presumption of care on the part of the person injured. A presumption in the performance of duty attends the defendant as well as the person injured. It must be overcome by direct evidence. *Looney* v. *Metropolitan R. R. Co.*, 200 U. S. 480–488.

There is no proof, or even pretense, that the railway company did not provide a safe place to work, that the appliances were not safe, or that there were any of those defects in machinery, track, platforms or the like which sometimes afford grounds of complaint, as considered in the case of *Choctaw &c. R. R. Co.* v. *McDade*, 191 U. S. 64.

Nor is there any proof of negligence on the part of any employé of the railway company, except Bourman himself. *Coyne* v. *Union Pac. Ry. Co.*, 133 U. S. 370.

It is obvious that, even if the evidence did show any negligence on the part of defendant's employés other than Bourman himself, then it was the negligence of plaintiff's fellow-servants. *Louisville & Nashville R. R.* v. *Stuber,* 108 Fed. Rep. 934; *Thom* v. *Pittard,* 67 Fed. Rep. 232; *Northern Pac. R. R. Co.* v. *Charless,* 162 U. S. 359; *Baltimore & Ohio R. R. Co.* v. *Camp,* 65 Fed. Rep. 952; *Martin* v. *Railway Co.,* 65 Fed. Rep. 384; *Coulson* v. *Leonard,* 77 Fed. Rep. 538; *Railroad Co.* v. *Egeland,* 163 U. S. 73, discussed and distinguished.

*Mr. Aldis B. Browne,* with whom *Mr. Albert Voorhies, Mr. A. E. Livaudais, Mr. Oliver S. Livaudais* and *Mr. Alexander Britton* were on the brief, for defendant in error:

The generally-acknowledged doctrine under the law is that a servant entering employment impliedly agrees with his master to assume all ordinary risks incidental to the service, including that of negligence on the part of a fellow-servant, unless the master's personal negligence caused, or operated to cause, the injury complained of. See Barrows on Negligence, 125.

A servant has a right to expect a reasonable degree of care on the part of his master and those in authority under his master, and he may act in accordance with this assumption. Dresser, Employers' Liability, Assumption of Risks, par. 111, p. 528. If the master's negligence concurs with that of a fellow-servant to produce injury, the servant may recover, provided he did not, by his own negligence, contribute to the result. Barrows on Negligence, p. 146; *Tutrix* v. *Sellers,* 39 La. Ann. 1011; *Powers* v. *Calcasieu Sugar Company,* 48 La. Ann. 483; *McCarthy* v. *Whitney Iron Works,* 48 La. Ann. 978; *Bland & Wife* v. *Shreveport Belt Railway Company,* 48 La. Ann. 1057; *Wilson* v. *La. & N. W. R. Co.,* 51 La. Ann. 1134; *S. C.* 108 La. 590; *I. C. R. R.* v. *Josey,* 54 L. R. A. 78. See also: *Wenona Coal Co.* v. *Holmquist,* 152 Ill. Rep. 590; *A. A. Patten* v. *Railroad Co.,* 96 N. C. Sup. Rep. 455.

Even admitting that the accident was due to the fault of either the foreman, conductor or engineer, having the train in

charge, this case comes under the exception where the company cannot avoid responsibility, for the reason that they themselves participated in the negligence and contributed to the accident. *Quebec Steamship Company* v. *Merchant,* 133 U. S. 375.

The defendant was not guilty of negligence in leaving the train in the manner shown by the evidence, nor can he be held accountable for having done so, because he was following the instructions of his superior, the vice principal of the company, his employer; and, that to be made guilty of negligence in obeying said order, it must be shown that he voluntarily and unnecessarily exposed himself to the danger. *David Ballard* v. *C., R. I. & P. R. Co.,* 51 Missouri, 453; *Northern Pac. R. R. Co.* v. *Egeland,* 56 Fed. Rep. 200; affirmed 163 U. S. 93; *Brown* v. *Ohio & Miss. Ry. Co.,* 138 Ind. Rep. 648; *McGinn* v. *McCormick,* 109 La. Ann. 396; *Hunn* v. *R. R. Co.,* 44 N. W. Rep. 502; *R. R. Co.* v. *Charless,* 162 U. S. 359; *Grand Trunk Ry. Co.* v. *Cummings,* 106 U. S. 700; *Milwaukee* v. *St. Paul R. R.,* 112 U. S. 377; *Ellis* v. *N. Y., L. E. & W. R. R. Co.,* 95 N. Y. 546.

MR. JUSTICE MOODY delivered the opinion of the court.

The defendant in error, hereafter called the plaintiff, brought an action in the Circuit Court of the United States against the plaintiff in error, hereafter called the defendant, to recover damages for injuries alleged to have been suffered through the defendant's negligence. The plaintiff had a verdict, which was affirmed by the Circuit Court of Appeals, and under existing statutes regulating the jurisdiction of this court the defendant, because it is incorporated under a law of the United States, has a further appeal, and brings the judgment here by writ of error.

The facts of the case are few and simple. The plaintiff was a section hand employed by the defendant and working under direction of a foreman named Hadnott. The plaintiff, with others, had been employed under Hadnott's direction in clearing up a wreck near a flag station on the defendant's road. When the work was finished the men were taken aboard an express

passenger train, known as the Cannon Ball, to be conveyed to Waggaman, a regular station on the road, where they lived. The express ordinarily did not stop at Waggaman, but simply slowed down to take on the mail. The conductor, however, directed the engineer to stop on this occasion and let the section hands off, and the train did in fact stop at Waggaman, though whether as the result of the order or of the injury to the plaintiff was in dispute. As the train approached Waggaman the men were standing on the steps of the car, ready to alight, and the train was slackening its speed. The plaintiff was on the lower step. What happened is shown by the plaintiff's testimony. He said:

"I stood all the time on the platform. The train blew for the station. When she blew we all got on the steps with our tools in our hands. She was slacking up speed. I was on the lower step, holding on to the rod of the step. That was the way to get off when we was to get off at the depot. The foreman said: 'Boys, throw your tools off, and let us get off.' That was before she got to the station; and when she slacked up, she slacked up slow enough for anybody to get off, and when I went to get off she jerked; and I grabbed, and the engineer put more speed to the engine, and that threw me down and I could not let go, and she dragged me along until I got weak in the arms, and let go. She was running slow and she slacked up speed, and then she let go again and she made a jerk. After she slacked she started up again. I held on until I lost my grip and could not hold on any more. I fell, going under, and the wheel run over my leg. The conductor hallooed to the engineer to back up the train. He said: 'He ought to be satisfied.'"

On cross-examination he testified as follows:

"Q. Did he (the foreman) speak to you? A. No, sir; he did not.

"Q. He said nothing to you at all? A. When we were on the way coming we were all speaking, but when the train slacked up—when they blew the whistle for the train to stop at the depot, he told us, 'Boys, get your tools, we will get off.'

"Q. That was while she was slacking up? A. Yes, sir.

"Q. You say that you jumped when the train slowed at the depot? A. Yes, sir.

"Q. That was before it stopped? A. She was not going to stop there at all.

"Q. You did not know that, that is, before she stopped? A. Well, she did not stop at all.

"Q. You jumped while the train was moving? A. Yes, sir.

"Q. Then you say that the train started up suddenly? A. Yes, sir; at the time I was getting off, she jerked before I jumped loose.

"Q. Do you think it would have been the same, that you would have been hurt if the train had not started again? A. No, sir; I do not think it would."

The petition, which was very inartificially drawn, does not clearly state the ground upon which the plaintiff sought to hold the defendant liable. It states generally that "said misfortune" was "due to the fault and negligence of the said defendants;" that the plaintiff was "entitled to a safe transport" to Waggaman; and that the "train being about to pass the station your petitioner had no further alternative than when ordered by his foreman to jump from the moving train, which just then increased its speed."

The answer denied the allegations of the petition and averred that if the plaintiff was injured it was by his own voluntary act in jumping from the train or through the negligence of one or the other of his fellow-servants—the section foreman, or the conductor and engineer of the train.

But passing the question of pleadings, upon which nothing seems to have turned below, we consider the case as it appears from the evidence. Since the plaintiff jumped from the train in obedience to a suggestion, if not an order, of his immediate superior, the section foreman, the jury might have found that the plaintiff reasonably thought he could rely upon the judgment of the section foreman, and that under the circumstances the plaintiff's act was not so obviously reckless and dangerous

as to constitute contributory negligence. *Northern Pacific Railroad* v. *Egeland*, 163 U. S. 93. It becomes necessary, then, to consider the negligence of the defendant. The evidence discloses two possible grounds upon which a recovery might be rested; first, carelessness of the section foreman in directing the plaintiff to jump when he did; second, carelessness of the engineer in suddenly starting up the train after it had slowed down. These two possible causes of the plaintiff's injury were distinctly before the jury and the defendant had the right to appropriate instructions upon the issues thus raised. The jury may well have based its verdict on either the carelessness of the section foreman or the carelessness of the engineer. Indeed, it is difficult to see any other theory upon which the verdict was rendered. It may be, as thought by the Circuit Court of Appeals, that the instructions to the jury were academically correct, so far as they went, but they omitted to cover vitally important aspects of the case and were therefore insufficient.

The presiding judge refused to instruct the jury as requested by the defendant, that the engineer and the section foreman were, respectively, fellow-servants of the plaintiff, and that if the injury occurred through the negligence of either, the plaintiff was not entitled to recover. We think these instructions should have been given. Both the engineer and the section foreman were fellow-servants of the plaintiff and if the plaintiff's injury was caused by the negligence of either, the law, as it many times has been declared by this court, will not permit a recovery. *Baltimore & Ohio Railroad* v. *Baugh*, 149 U. S. 368; *Northern Pacific Railroad* v. *Hambly*, 154 U. S. 349; *Central Railroad Company* v. *Keegan*, 160 U. S. 259; *Northern Pacific Railroad* v. *Peterson*, 162 U. S. 346; *Northern Pacific Railroad* v. *Charless*, 162 U. S. 359; *Martin* v. *Atchison, Topeka & Santa Fe Railroad*, 166 U. S. 399; *Alaska Mining Company* v. *Whelan*, 168 U. S. 86; *New England Railroad* v. *Conroy*, 175 U. S. 323; *Northern Pacific Railroad* v. *Dixon*, 194 U. S. 338.

The case of *Northern Pacific Railroad* v. *Egeland, supra,* which evidently was misunderstood in the court below, is not

in any way inconsistent with the foregoing cases. The fellow-servant doctrine was not there considered by the court. The plaintiff in that case was a section hand, who received injuries by jumping from a moving train in obedience to the order of the conductor. The only question before this court was whether the act of the plaintiff was in itself, as matter of law, contributory negligence, and it was held that under the circumstances disclosed in the evidence it was proper to submit the question of contributory negligence to the jury. It does not appear in that case what was the negligence for which the plaintiff sought to hold the defendant responsible. In the trial court the defendant made two requests: First, that no negligence on the part of the defendant was shown; and, second, that the plaintiff was guilty of such contributory negligence that he could not recover. The defendant saw fit to bring to this court only the question of contributory negligence, and the opinion of the court expressly stated that the discussion would be confined to that question alone. An examination of the case, as it was exhibited to the Circuit Court of Appeals, discloses that contributory negligence was the only question passed upon by that court. 56 Fed. Rep. 200.

*Judgment reversed.*