## BROOKS *v.* CENTRAL SAINTE JEANNE.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR PORTO RICO.

No. 283. Submitted May 2, 1913.—Decided May 26, 1913.

Whether one is in general service of another or not, if he is rendering the latter a service even as a volunteer and comes under his orders, he becomes his servant, and fellow-servant of the other employés.

The servant is not only such while actually at work on the service for which he is specially employed, but also during its progress while absent from the location for the purpose of, and in connection with, such work.

One going in the master's conveyance on the master's business, *held*, in this case, to be a fellow-servant of the driver of the conveyance.

In view of the adoption by Porto Rico in substantially the same form, of the English Employers' Liability Act which presupposes the existence of the common-law rule as to fellow-servants, and the provisions of that act in regard to exceptions in specific instances, and in the absence of any authorities to the contrary, *held* that the law in Porto Rico in regard to the fellow-servant defense does not differ from the common law.

A single expression in the testimony that the driver of an automobile was accustomed to drink while driving the machine, there being other testimony importing usual sobriety, does not justify a finding of negligence on the part of the employer for employing a servant who was incompetent as an excessive drinker.

5 Porto Rico Fed. Rep. 281, affirmed.

THE facts, which involve the application in a case for personal injuries in Porto Rico of the defense of negligence of a fellow-servant, and the determination of whether the employé of the defendant whose negligence caused the injury was a fellow-servant of the plaintiff, are stated in the opinion.

*Mr. N. B. K. Pettingill* and *Mr. George H. Lamar* for plaintiff in error:

The fellow-servant rule is not applicable. Plaintiff was not an employé of the defendant for any purpose. During the enterprise resulting from an invitation to assist in the erection of the plant, plaintiff was not acting as an employé of defendant, but entered upon the enterprise in the capacity of a friendly helper by invitation, and was riding upon the automobile truck at the time of the accident as a gratuitous passenger by like invitation. *Railroad Co.* v. *Fort*, 17 Wall. 553; *No. Pac. R. Co.* v. *Hambly*, 154 U. S. 349, 357.

When an employé is not engaged in his work, his rights are not to be determined by the principles applicable to the relation of master and servant. *Fletcher* v. *B. & R. Co.*, 168 U. S. 135, 138.

Plaintiff's rights were the same as if he had had no business connection of any kind with defendant company, but had been a stranger riding as a passenger by invitation issued under due authority.

A gratuitous passenger may recover from owner for negligence of driver. *Thorogood* v. *Bryan*, 8 C. B. 114; *Little* v. *Hackett*, 116 U. S. 366, 371; *N. Y., L. E. & W. R. R. Co.* v. *Steinbrenner*, 47 N. J. Law, 161, 171; *Crampton* v. *Ivie Bros.*, 126 N. Car. 894; *Frerker* v. *Nicholson*, 41 Colorado, 12; *Clark* v. *Wright.* 79 Fed. Rep. 744, 747.

This was the settled law of this country as to the relation and responsibility between driver and passenger, whether for hire or gratuitous carriage, of whatever kind

of vehicle, before the arrival of the automobile. There is nothing in the structure or management of that vehicle which makes the above rule inapplicable. On the contrary, its greater speed and required skill and attention in management has resulted in making more apparent the reason and necessity for applying that rule. *Wilson* v. *Puget Sound Elec. Ry. Co.*, 52 Washington, 522; *Chadbourne* v. *Springfield St. Ry.*, 199 Massachusetts, 574, 576; *Johnson* v. *Coey*, 237 Illinois, 88; *Gresh* v. *Wanamaker*, 221 Pa. St. 28; *Routledge* v. *Rambler Automobile Co.*, 95 S. W. Rep. 749.

The ordinary rule for negligence cases is applicable here. And the principle is identical under the local statute. *Lake Shore Ry. Co.* v. *Prentice*, 147 U. S. 101.

The statutes of Porto Rico, Civil Code "Obligations Arising from Fault or Negligence," §§ 1803, 1804, 1805, announce principles in substantial harmony with the American law. For the application of those principles along identical lines, both in Spain and Porto Rico, see *Redinger* v. *Crespo*, Sup. Ct. of P. R., March 8, 1912; 12 Manresa's Comm. 608, 609, 611, 612. Decisions Supreme Court of Spain of October 21, 1882; Juris. Civ., vol. 50, p. 207. June 27, 1894; Juris. Civ., vol. 75, p. 848. December 12, 1894; Juris. Civ., vol. 76, p. 483; October 12, 1897; Juris. Civ., vol. 82, p. 417. Supreme Court of Porto Rico; *Rodrigues* v. *Fernandez Bros.*, 13 P. R. Rep. 349. *Vargas* v. *Monroig*, 15 P. R. Rep. 27.

There was negligence of defendant in retaining the driver with knowledge of his habit of drinking intoxicating liquor. 12 Manresa's Comm. 608–612.

It is the duty of the employer to select and retain servants who are fitted and competent for the service. The servant does not undertake to incur the risks arising from the want of sufficient and skillful co-laborers. *Nor. Pac. R. R. Co.* v. *Herbert*, 116 U. S. 247; *Wabash Ry. Co.* v. *McDaniels*, 107 U. S. 454; *Nor. Pac. R. R. Co.* v. *Mares*,

123 U. S. 710; *Balt. & O. R. R. Co.* v. *Henthorne,* 73 Fed. Rep. 634, 637; *Fletcher* v. *B. & P. R. Co.,* 168 U. S. 135.

*Mr. Benjamin S. Minor, Mr. Hugh B. Rowland* and *Mr. Colley W. Bell* for defendant in error:

The fellow-servant rule, as known to the common law of England and the United States, is and apparently always has been in force in Porto Rico, as will be seen from the statute law and from a reading of the decisions of the Porto Rico courts. *Dia* v. *Fajardo Development Co.,* 2 P. R. Fed. Rep. 152; *Colón* v. *Ponce & Guayama R. Co.,* 3 P. R. Fed. Rep. 367; *Natal* v. *Bartolomey,* 14 P. R. Rep. 474.

The plaintiff was a fellow-servant of the driver. *Nor. Pac. R. R. Co.* v. *Charless,* 162 U. S. 359, 363; *Nor. Pac. R. R. Co.* v. *Peterson,* 162 U. S. 346, 357; *Martin* v. *A., T. & S. F. R. R. Co.,* 166 U. S. 399, 403. See also *Randall* v. *Balto. & Ohio R. R. Co.,* 109 U. S. 478; *Quebec S. S. Co.* v. *Merchant,* 133 U. S. 375; *Balto. & Ohio R. R. Co.* v. *Baugh,* 149 U. S. 368; *Nor. Pac. R. R. Co.* v. *Hambly,* 154 U. S. 349; *Oakes* v. *Mase,* 165 U. S. 363; *Nor. Pac. R. R. Co.* v. *Poirier,* 167 U. S. 48; *New Eng. R. R. Co.* v. *Conroy,* 175 U. S. 323; *Nor. Pac. Ry. Co.* v. *Dixon,* 194 U. S. 338; *Texas & Pac. Ry. Co.* v. *Bourman,* 212 U. S. 536; *Beutler* v. *Grand Trunk Ry. Co.,* 224 U. S. 85.

Plaintiff had ample time and opportunity to observe, had he chosen to do so, the driver of the truck and to judge for himself as to his competency, carefulness and capability. *Schlemmer* v. *Buff., Roch. & Pitts. R. Co.,* 220 U. S. 590, 596. *Railroad Company* v. *Fort,* 17 Wall. 553, 558, distinguished.

A servant who is transferred from one part of the work to another assumes the risks incident to the new employment. *Reed* v. *Stockmeyer,* 74 Fed. Rep. 186; *O'Connor* v. *T. & S. F. Ry. Co.,* 137 Fed. Rep. 503.

Plaintiff being a fellow-servant of the driver of the

truck, the defendant cannot be held responsible unless plaintiff shows that the defendant was negligent in some particular. The burden of proof is on the plaintiff, and there is nothing in the record which even intimates that the defendant was in any way negligent either in the hiring of the driver or in retaining him in its employ. *Tex. & Pac. Ry. Co.* v. *Barrett,* 166 U. S. 617; *Patton* v. *Tex. & Pac. Ry. Co.,* 179 U. S. 658, 663; *Claudio* v. *Cortinez,* 9 P. R. Rep. 97.

There was contributory negligence on the part of the plaintiff. *Reed* v. *Stockmeyer,* 74 Fed. Rep. 186, 189; *Nor. Pac. R. R. Co.* v. *Freeman,* 174 U. S. 379, 383; *Claudio* v. *Cortinez,* 9 P. R. Rep. 97; *Patton* v. *Tex. & Pac. Ry. Co.,* 179 U. S. 658.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action for personal injuries suffered in Porto Rico. The declaration alleges that the plaintiff at the defendant's request made a trip on an automobile of the latter "for the purpose of aiding other employés of the defendant in moving a certain boiler which was the property of the defendant," and that in returning from the trip the automobile was so negligently operated by the defendant, its agents and employés, that it was driven into a ditch and the plaintiff was badly hurt. There was a trial by jury, in which, at the end of the plaintiff's evidence, the judge directed a verdict for the defendant and the plaintiff excepted. The evidence showed that the machine was driven by a servant of the defendant, so that it appeared in proof that the plaintiff was suing for an injury caused by a fellow-servant, as is to be inferred from the face of the declaration itself.

Notwithstanding the admission that the plaintiff was an employé of the defendant, imported by the words 'for the purpose of aiding other employés,' it is argued that

the plaintiff was not a fellow-servant, and therefore, although the contention hardly is open, the substance of the testimony may be stated. The plaintiff's general employers had sold a sugar mill to the Central, delivered in New Orleans. At the request of the Central they had sent over the plaintiff to put up a chimney, a battery of six boilers and a bagasse track. While at the work he seems to have been paid by the defendant and was under the direction of its chief engineer. The chimney had been nearly finished and the next work was to set up the boilers, but they had not arrived. The man in charge of the transportation directed the plaintiff to go and help to get a boiler, which, after asking the chief engineer for leave, he did. When they got to the boiler there were not enough machines to haul it, so that they had to return to the Central. On the way the driver seems to have been more or less drunk, and negligently, it must be assumed, upset the machine.

· Whether the plaintiff was in the general employ of the defendant, as he seems to have been, or not, the service that he consented to render was the defendant's work. In rendering that, at least, he came under its orders and became its servant. Assuming in his favor that he was a volunteer, that fact did not enlarge his rights. *Degg* v. *Midland Ry. Co.*, 1 H. & N. 773; *Potter* v. *Faulkner*, 1 Best & Sm. 800; *Barstow* v. *Old Colony R. R. Co.*, 143 Massachusetts, 535, 536; *Wischam* v. *Richards*, 136 Pa. St. 109. Other cases will be found in 2 Labatt, Master & Servant, § 631. He was the defendant's servant not only while actually at work on the boiler but during the trip taken for the purpose of doing the work. *Northern Pacific R. R. Co.* v. *Peterson,* 162 U. S. 346, 358. *Martin* v. *Atchison, Topeka & Santa Fe R. R. Co.*, 166 U. S. 399, 403. *Texas & Pacific Ry. Co.* v. *Bourman*, 212 U. S. 536, 538, 539. And he was fellow-servant with the driver of the machine. *Martin* v. *Atchison, Topeka & Santa Fe R. R. Co., supra;*

*Northern Pacific Ry. Co.* v. *Dixon,* 194 U. S. 338. *Texas & Pacific Ry. Co.* v. *Bourman,* 212 U. S. 536, 541. *Beutler* v. *Grand Trunk Junction Ry. Co.,* 224 U. S. 85. If the law of Porto Rico does not differ in this respect from the common law, the direction to the jury was right.

Whether the common law rule prevails is not made clear by any authority cited. But by the act of March 1, 1902, (Rev. Stats. & Codes, 1902, p. 150), the English Employers' Liability Act was copied more or less exactly, as it has been in some of the States. That statute presupposes the common law rule as to fellow-servants, *Ryalls* v. *Mechanics' Mills,* 150 Massachusetts, 190, 191, and the Porto Rican copy would be hard to account for except upon the same presupposition. If a master were liable for injuries caused by the negligence of a fellow-servant there would be no need of enacting that he should be liable for such injuries in specific cases, as the statute does, and no sense in the provision of § 10 that the act shall not apply to injuries caused to domestic servants, or farm laborers, by fellow-employés. Therefore, while we might hesitate if we were deducing the rule from the considerations on which it originally was placed, *Schlemmer* v. *Buffalo, Rochester & Pittsburg Ry. Co.,* 205 U. S. 1, 11, 12, as indeed one might hesitate about the more general liability to which it is an exception, we must assume that it exists, even laying on one side the suggestion that the statute offers the only remedy for cases within it. We should add that this suit is not brought under the act.

It was argued, evidently as an afterthought for which no foundation was laid in the pleadings, that the defendant might have been liable on the ground that it employed an incompetent servant. This suggestion is based on a single expression concerning the driver, that it was his custom to drink while driving the machine. This neither stated nor meant, so far as we can judge, that it was the custom of the driver to drink to excess or so as to unfit

him for his work. The only other reference to the matter was by another of the plaintiff's witnesses, that the driver was "not in the mood or attitude which he usually had when we worked together in the shops," importing usual sobriety. It would have been permitting a mere guess, to allow the jury to find for the plaintiff on this ground.

*Judgment affirmed.*