Pauline Buchalski, as Administratrix, etc., of Edward Buchalski, Deceased, Appellant, v. Simon B. Kramer and Another, Individually and as Copartners, Doing Business under the Registered Trade Name of Western Chair Company,

Respondents.— Judgment dismissing the complaint at the end of the entire case, in an action brought to recover damages for personal injuries resulting in the death of the plaintiff's intestate through the alleged negligence of the defendants, unanimously affirmed, with costs. This action was brought on the theory that plaintiff's intestate was riding on the defendants' truck in the capacity of an employee to assist in unloading furniture in return for compensation, undetermined in amount. It may be assumed that, on the testimony adduced, the jury would be justified in finding that the defendants were aware that their employee, the driver of the truck, would procure the intestate's services as a helper. On the whole case, two conclusive defenses were established: *First*, that the negligence of the driver of the truck, if any, was that of a fellow-servant; and *second*, that intestate was guilty of contributory negligence as a matter of law. Appellant's claim that the employment of the intestate was of an emergency character is untenable. There was no sudden and urgent requirement for assistance in response to which the intestate acted. (*Lipari* v. *Bush Terminal Co.*, 193 App. Div. 309; affd., 233 N. Y. 546.) Even if the employment did originate in an emergency, the negligence here charged was that of a fellow-servant, which precludes recovery, notwithstanding the hiring by the fellow-servant, where the latter has fulfilled his duty as his master's representative in furnishing a safe place in which to work. The relationship reverted once more to that of fellow-servants carrying on the work assigned. (*Marks* v. *Rochester Railway Co.*, 41 App. Div. 66; *Cannon* v. *Fargo*, 138 id. 20; *Manifold* v. *United States Trucking Corporation, Inc.*, 209 id. 633.) The learned trial court dismissed the complaint on the ground that plaintiff's intestate was guilty of contributory negligence as a matter of law, and that the plaintiff's remedy, if any, must be determined by the provisions of the Workmen's Compensation Law. As to the latter ground, it is undisputed that defendants were in possession of a policy of compensation insurance, in effect at the time, which covered drivers and helpers and chauffeurs. We doubt that the employment here comes within the provisions of the Workmen's Compensation Law, which excludes " persons engaged in voluntary service not under contract of hire " (Art. 1, § 3, group 18), under the authority of *Ferro* v. *Sinsheimer Estate, Inc.* (256 N. Y. 398), but we leave that question open as unnecessary to a determination in this case. Lazansky, P. J., Hagarty, Scudder and Davis, JJ., concur; Tompkins, J., concurs in result.