SERANO et ux. v. GARZA et al.

No. 10355.

Court of Civil Appeals of Texas. San Antonio.

June 22, 1938.

Rehearing Denied Aug. 31, 1938.

Chas. J. Lieck and Karl Strieber, both of San Antonio, for appellants.

Johnson & Rogers and Nat Hardy, all of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by Joaquine Serano, Sr., and Anita Serano, against Arcadio Garza, Jose Garza Jimenez, and Silverio Gonzales Garza, co-partners, doing business under the name and style of Alamo Bottling Company, seeking to recover damages resulting to them by reason of the death of their son, Juan Serano. Later an amended petition was filed naming Joaquine Serano, Jr., as a party defendant; and also naming as defendants, Carlos Garza, Lelia Tijerina and her husband, Anastacio Cantu Tijerina, and Cecelia Gonzales Garza, who were alleged to be all the heirs of Jose Garza Jimenez, who had died after the filing of the original petition.

Juan Serano, the son of Joaquine Serano, Sr., and the brother of Joaquine Serano, Jr., was killed in an automobile collision in Bee County. Juan Serano, at the time of his death, was riding in a truck belonging to the Alamo Bottling Company, and being driven by Joaquine Serano, Jr. This truck had carried a load of soda water from San Antonio to Corpus Christi and was returning at the time of the accident. It is undisputed that the truck belonged to the Alamo Bottling Company and that Joaquine Serano, Jr., had been employed by the Bottling Company to drive the truck and to deliver the soda water in the City of Corpus Christi. The disputed fact in this case is the status of Juan Serano at the time of his death. The trial judge found that Juan Serano was an employee of the Alamo Bottling Company and that therefore there could be no recovery for his death, in view of the fact that the Bottling Company was a subscriber to the Workmen's Compensation Insurance and could not be sued by an employee in a common law action such as the one at bar.

The evidence shows that Joaquine Serano, Jr., was a regular employee of the Bottling Company, but not in the capacity of a truck driver. However, he had been duly employed to drive this particular truck to the City of Corpus Christi and return, for which he was to be paid the sum of $2. Joaquine Serano, Jr., testified that he told Carlos Garza, who was in charge of the Bottling Company at the time, that he was going to take his brother, Juan Serano, with him on the trip to Corpus Christi, and that he took him as a helper to help load and unload the soda water; that he had agreed to pay Juan one-half of the amount which he was to receive; that is, one dollar. This testimony is sharply contradicted in various ways.

The trial was before the court, without the intervention of a jury, and judgment was rendered that the plaintiffs below take nothing by reason of their suit. The trial judge filed findings of fact and conclusions of law, in which he found that the appellants Joaquine Serano, Sr., and Anita Serano, were damaged in the sum of $1,265.-50, by reason of the death of their son, Juan Serano, and that they would be entitled to recover this sum from their other son Joaquine Serano, Jr., and the members of the Alamo Bottling Company, except for the fact that he found that Juan Serano was an employee of the Bottling Company and that therefore the plaintiffs below would have to seek redress through the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., and could not recover in this suit. From this judgment Joaquine Serano, Sr., and Anita Serano, have prosecuted this appeal.

No brief has been filed in behalf of Joaquine Serano, Jr., but all other parties have filed a brief, and when we hereafter refer to appellees we will refer only to those who have filed a brief herein.

Appellants insist that the evidence is insufficient to support the finding of the trial court that Juan Serano was an employee of the Bottling Company at the time of his death. In this contention they are joined by the appellees. We shall, therefore, assume without deciding that Juan Serano was not an employee of the Bottling Company at the time he was fatally injured in the collision.

If Juan Serano was not an employee at the time of his death, then he must of necessity have been either a guest passenger in the truck, or a volunteer helper of Joaquine Serano, Jr., insofar as the liability of the Bottling Company may be concerned. It is conceded by all parties, if Juan Serano was in truth and in fact

a guest passenger at the time of the collision there could be no recovery in this case. If Juan Serano was a volunteer helper, then, under the fellow servant doctrine, there could be no recovery in this case. It would be immaterial whether Juan Serano merely went along as a volunteer or whether he went along to help Joaquine and Joaquine agreed to pay him for this assistance, as the legal status of Juan Serano would be the same in either case. Tanguay v. Warwick Chemical Co., 54 R.I. 445, 173 A. 540; 29 Tex.Jur. p. 78; 39 C.J. § 661, p. 554; 18 R.C.L. § 84, p. 579; Bonner v. Bryant, 79 Tex. 540, 15 S.W. 491, 23 Am.St.Rep. 361; Eason v. Railroad Co., 65 Tex. 577, 57 Am.Rep. 606; Brooks v. Central Sainte Jeanne, 228 U.S. 688, 33 S.Ct. 700, 57 L.Ed. 1025; Mandala v. Wells, 212 App.Div. 370, 209 N.Y.S. 35; Buchalski v. Kramer, 243 App. Div. 703, 277 N.Y.S. 91; Beale & Strayhorn v. Clayborn, 152 Miss. 681, 120 So. 812; Wischam v. Richards, 136 Pa. 109, 20 A. 532, 10 L.R.A. 97, 20 Am.St.Rep. 900; Kniceley v. West Virginia M. R. Co., 64 W.Va. 278, 61 S.E. 811, 17 L.R.A.,N.S., 370.

■ It is contended by appellants that there may be a recovery in this case even though Juan Serano and Joaquine Serano be regarded as fellow servants, because of the fact that the Alamo Bottling Company was guilty of original negligence in sending Joaquine Serano, Jr., out as driver of the truck when he had not had sufficient sleep and that his drowsiness just prior to the collision was a proximate cause of the collision. We are of the opinion that the manager of the Bottling Company is not shown to have been guilty of original negligence proximately causing this collision. Joaquine Serano, Jr., was employed to drive this truck about 8 p. m. on the night of August 10, 1935; he was to load the truck that night and to leave at 2 a. m. on the morning of August 11th. It is contended that this brought knowledge home to the manager of the Bottling Company that Joaquine Serano, Jr., would not have time to secure sufficient sleep before starting on the trip. We cannot agree with this contention. There may have been some emergency about getting the soda water to Corpus Christi, but there was certainly no emergency shown with reference to getting the truck-load of empties back to San Antonio. It is not shown that it would have been any violation of Joaquine Serano, Jr.'s instructions for him to have pulled his truck out to the side of the road and slept, if he felt a drowsy spell coming upon him. The accident occurred on the return trip, and it was not the negligence of the manager in sending Joaquine Serano, Jr., on this trip at 2 a. m. that was the proximate cause of the collision on the return trip, but rather the negligence, if any, of Joaquine Serano, Jr., in not stopping and sleeping when he felt that he was too tired to drive. We therefore conclude that the evidence does not show that the manager of the Bottling Company was guilty of concurring negligence proximately causing this collision, such as would render the fellow-servant doctrine inapplicable in this case.

■ It occurs to us that there is no theory upon which appellants may recover in this their common law suit. In the first place, if Juan Serano was an employee of the Bottling Company then they must resort to the Workmen's Compensation carried by the Bottling Company, and the Bottling Company is immune from a suit at common law; if Juan was not an employee, but a volunteer, then and in that event recovery is precluded by virtue of the fellow-servant doctrine; and in the third place, if Juan was neither an employee nor a volunteer, but was riding merely for his own pleasure, then he was a guest within the meaning of the so-called guest statute, Vernon's Ann.Civ.St. art. 6701b, and no recovery could be had.

We are of the opinion that the trial court properly denied appellants any recovery in this suit and we accordingly affirm the judgment.

SLATTON, J., being disqualified, did not participate in this decision.