ANDREW MAYTON, BY NEXT FRIEND, v. T. & P. R. R. Co.

(Case No. 1744.)

1. PLEADING — CERTAINTY TO A COMMON INTENT IN GENERAL.— Where the allegations in a petition were not sufficiently certain to a common intent to inform the defendant of the nature of the issue to be met, *held* that it was not error to sustain a demurrer to such pleading.
2. MASTER'S LIABILITY TO VOLUNTEER SERVANT.— Where a person volunteers to assist the employees of a railway company in managing its cars, and is injured by the train, such person, in respect to the liability of the railway company for the injury, stands in the same position as those with whom he associates himself.
3. CASE DISTINGUISHED.— This case distinguished from Bradley v. N. Y. Central R. R., 62 N. Y., 99.

APPEAL from Grayson.    Tried below before the Hon. Richard Maltbie.

*Hare & Head*, for appellants, cited: 2 Parsons on Contr., 87; 2 Thomp. on Neg., 1040; id., 1045–46; Cleveland v. Spier, 16 C. B. (N. S.), 398; Bradley v. R. R., 62 N. Y., 99; Story on Agency, § 97.

*T. J. Brown*, for appellee.

DELANY, J. COM. APP.— Our opinion is that there is no error in the judgment of the court below.

The language of the petition is so vague as to have hardly any definite meaning.    The plaintiff says that at Bell's " it became necessary for the employees of defendant in charge of the freight

train . . . to call in assistance to operate said train, which they had the right and power to do; and plaintiff being near the train, was requested by one of defendant's said employees to assist them in operating the brakes thereon, with which request he undertook to comply."

After stating some other facts the petition proceeds as follows:

"That while he was in the act of mounting said cars for said purpose, the employee of the defendant who had requested plaintiff to assist as aforesaid, gave the signal to the engineer to back said train, and said engineer did this so as to produce an unusually violent jolt, by which one of plaintiff's feet and legs was caught between two of the cars and injured as above set forth. . . . That if plaintiff is mistaken about the employee having given the signal to the engineer, then he says that the engineer so backed said train without any signal or direction for so doing, and that this was gross negligence."

The petition lacks an element which is essential to all good pleading — "certainty to a common intent." It does not clearly inform the defendant of the issue which is to be met.

On this account the demurrer was properly sustained.

So far as we can see, the plaintiff was a mere volunteer, attempting — it may be — to assist the servants of the railroad company; but there is nothing from which we can infer the liability of the company for the injury which he sustained. See 2 Thompson on Negligence, p. 1045; Wood's Master and Servant, sec. 455, pp. 907–910 and notes; Pierce on Railroads, p. 370 and note 6. "Such a person," says Wood, "cannot stand in a better position than those with whom he associates himself, in respect to the master's liability."

Counsel for appellant refer us to the case of Bradley v. N. Y. Central R. R., 62 N. Y., 99, and we may add the somewhat similar case of Wall v. T. & P. R. R. Co., 4 Law Rev., 36.

In the former case the foreman or trackmaster, during a violent snow storm, employed the plaintiff with his team to move the snow from the track. He had been in the habit of employing citizens temporarily in this way, and the company had recognized his acts and paid them wages.

The storm was so violent and the danger so great that the plaintiff at first refused to do the work, but the foreman promised to keep watch and inform him of the approach of passing trains, and thus induced him to undertake the work. He failed, however, to keep watch, and the plaintiff was hurt by a train.

Upon these facts it was held that the undertaking of the foreman bound the company.

The Texas case is somewhat similar except that the plaintiff was a subordinate employee whom the foreman induced to undertake a perilous work under a promise to guard him against danger. In both cases the undertaking or promise of the foreman was treated as the undertaking of the company.

But in the case before us there is nothing from which we can infer any undertaking on the part of the company.

JUDGMENT AFFIRMED.

[Opinion adopted January 16, 1885.]