## S. W. EASON V. S. & E. T. R'Y CO.

(Case No. 2170.)

65   577
79   542

1. RAILROADS—EMPLOYES—VOLUNTEERS—INJURIES—One who has no interest in the performance of certain work for a railroad, but volunteers to assist in such work, assumes all risks incident to his position, and cannot recover for injuries caused by the negligence of his fellow servants. (Following Mayton v. T. & P. R'y Co., 63 Tex. 77, and authorities cited.)

2. SAME—If the injured person is not a volunteer, but engaged at the request or with the permission of the railroad's agent in a transaction of interest as well to himself or his master, as to the railroad company, he is entitled to the same protection against the negligence of the company's servants as if he were at the time attending to his own private affairs. (Authorities cited.)

3. SAME—See opinion for allegations held sufficient to support an action against a railroad for injuries sustained through the negligence of a fellow servant.

APPEAL from Hardin.   Tried below before the Hon. Edwin Hobby.

The opinion states the facts.

*Tom J. Russell*, for appellant, on volunteers, cited: McIntyre Ry. Co. v. Bolton, N. E. Rep., vol. 1, No. 5, p. 333; Moak's Underwood on Torts, 64.

On contributory negligence, he cited: H. & T. C. Ry. Co. v. Gorbett, 49 Tex. 573; same v. Oram, 49 Tex. 341; Beers v. Housatonic Ry· Co., 19 Conn. 566; Bigelow v. Reed, 51 Me. 325; Wilds v. Hudson Ry. Co., 24 N. Y. 430; Hoben v. Burlington Ry. Co., 20 Ia. 562; Hill v. Windsor, 111 Mass. 118; Walsh v. M. V. T. Co, 52 Mo. 434; Lafayette Ry. Co. v. Adams, 26 Ind. 76; Cleveland Ry. Co. v. Elliott, 28 O. 340; M. C. Ry. Co. v. Mason, 51 Miss. 234; I. C. Ry. Co. v. Shultze, 64 Ill. 177; I. C. Ry. Co. v. Godfrey, 71 Ill. 507; L. E. & W. Ry. Co. v. Zoffinger, 107 Ill. 199; N. E. Rep. vol. 3, No. 4, p. 456; cases cited in opinion in Calumet Iron and Steel Co. v. Martin, Supreme Court, Ill., filed Nov. 21, 1885; Wright v. L. & N. W. Ry. Co., Q. B. Div. 252.

*E. P. Hill*, for appellee, cited: Mayton v. T. & P. Ry. Co., 63 Tex. 77; Wood on Master and Servant, 907, and notes.

WILLIE, CHIEF JUSTICE.—The demurrer to the petition was sustained, it seems, on the ground that the appellant, in performing the duty of a brakeman at the time he was injured, assumed all the risks incident to the position, and, hence, could not recover for an injury caused by the negligence of a fellow servant.   This is the law when

the injured party is a mere volunteer in the performance of the service. For instance, where one having no interest in the loading or unloading of a car, or in the carriage or delivery of passengers or freight, volunteers to assist in reference to such matters, and, whilst thus engaged, is injured, he stands in the same position as a regular employe engaged in the particular service, so far as any right of recovery for his injuries is concerned. Mayton v. T. & P. Ry. Co., 63 Tex. 77; New Orleans, &c., Ry. Co. v. Harrison, 48 Miss. 112; Flower v. Penn. Ry. Co., 69 Penn. St. 210.

But the case is different when the injured party was acting at the time in furtherance of his own or his master's business. 2 Thompson on Neg., 1045.

Thus, when the owner of freight transported by a railway company was allowed to assist in its delivery, and, in so doing, was injured through the carelessness of the company's servants, it was held that he could recover damages of the company. Holmes v. N. E. Ry. Co., L. R. 4 Exch. 254; Wright v. London, &c., Ry. Co., 1 Q. B. Div. 252.

So, when a passenger on a street car voluntarily assisted the driver in backing the car upon a switch, so that another car coming in an opposite direction could pass, and was injured through the negligence of the driver of the latter car, he was allowed to recover damages of the street car company. McIntyre Ry. Co. v. Bolton, 21 A. and E. R. Cases 501.

The principle upon which a recovery is allowed is this: The injured person is not a volunteer, but engaged at the request or with the permission of the railway's agents in a transaction of interest as well to himself or his master as to the railroad company, and this entitles him to the same protection against the negligence of the company's servants as if he were at the time attending to his own private affairs. Though, performing a service beneficial to both, he is doing so in his own behalf, and not as a servant of the company. Their request or acquiescence gives him the right to perform the service; the fact that he acts in his own behalf, however beneficial his labor may be to the company, gives him the right to be protected against the negligence of the company's servants. The act done by him should be a prudent and reasonable one, and "not a wrongful intermeddling with business in which he had no concern." McIntyre v. Bolton, supra.

Does the appellant's petition bring his case within this principle? He was not an employe of the railway company, but of the owners of the mill who shipped lumber by the company's cars. His busi-

ness was to load lumber upon the cars for his employers.   The car which he attempted to couple to the train was placed in the situation it occupied for the purpose of being loaded with lumber by the servants of Carlisle & Snelling, who owned the mill.   It was so located that it could not be conveniently loaded, and to have it hauled upon the track was a matter of interest to the plaintiff's employers.

This fact was called to the attention of the conductor by the appellant himself, acting in behalf of his employers, Carlisle & Snelling. The conductor consented to his request, but, being short of brakemen, asked the appellant to couple the car to the one immediately in front of it, which the latter consented to do ; and, in its performance, received the injury complained of, through the negligence of the engineer.   The service the appellant was performing at the time was in furtherance of the master's interest in having the car placed where it could be loaded more conveniently, and, hence, expedited in starting for the destination of the lumber.   He was still acting in the capacity of a servant for Carlisle & Snelling; was doing so at the request, and, of course, with the permission of the defendant company.   The act he was performing was not only a prudent and reasonable one, but absolutely demanded by the circumstances.   The coupling was necessary to the removal of the car to a proper position, and the company had not sufficient brakemen to perform the duty at the time.   It is difficult to see how a case could be brought more completely within the principles we have announced.   It is a stronger case in behalf of the injured party than any of those we have cited ; and the plaintiff was as much entitled to recover, if the allegations of his petition were borne out by the facts, as if he had been injured by the negligence of the engineer when loading the car with lumber for his employers.

We think the court erred in sustaining the demurrer to the petition, and for this error the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered March 9, 1886.]