BONNER AND EDDY, RECEIVERS, ETC., v. A. B. BRYANT.

No. 3018.

1. **Volunteer Employe—Case Adhered to.**—Eason v. Railway, 65 Texas, 578, adhered to, that "where one having no interest in the loading of a car, or in the carriage or delivery of passengers or freight, volunteers to assist in reference to such matters, and whilst thus engaged is injured, he stands in the same position as a regular employe engaged in the particular service, so far as the right of recovery for his injuries is concerned. But the case is different when the injured party was acting at the time in furtherance of his own or his master's business."

2. **Same — Fellow Servant.** — It being an uncontroverted fact that the plaintiff was injured by the negligence of one of the servants of the defendants whom he was engaged in assisting, occupying the position of a fellow servant the plaintiff could not recover by reason of assisting as a volunteer.

3. **Same — Servant Engaged in His Master's Business.** — An employe of a contractor shipping wood upon the cars of the railway volunteered in the moving of cars of the railway company while the wood was being loaded for his employer upon the train. In this work he was injured. In absence of special exception it was sufficient to allege the facts of his injury and that "his assistance was necessary to expedite his master's business." There being no evidence showing that plaintiff was engaged when injured in expediting his employer's business, it was error to submit the issue, and the verdict for the plaintiff is not supported by the testimony, which shows he acted as a mere volunteer.

4. **Release by Minor.**—A minor releasing from liability on consideration of a cork leg being furnished by the railway company, suing for damages, is not bound by such contract beyond accounting for the value of the artificial leg furnished.

APPEAL from Leon. Tried below before Hon. Norman G. Kittrell.

This is an appeal from a judgment upon a verdict for $3067.20 damages in favor of appellee, injured in voluntarily assisting servants in employ of the appellants. The facts necessary to understand the opinion are given in it.

*J. J. Dotson* and *Gould & Camp*, for appellants.—1. A master is not liable to his servant for the negligence of a fellow servant while engaged in the same common employment, unless he has been negligent in his selection of the servant in fault or in retaining him after notice of his incompetency. Mayton v. Railway, 63 Texas, 77; Robinson v. Railway, 46 Texas, 541; Railway v. Gilmore, 62 Texas, 391; Price v. Nav. Co., 46 Texas, 536; Bradley v. Railway, 14 Lea, 374; Railway v. McKenzie, 24

Am. and Eng. Ry. Cases, 395; Wood's Mast. and Serv., sec. 455, pp. 907, 910, and notes.

2. A complaint by a servant against his master for personal injuries caused by the negligence of a coservant must state facts to show the master's liability. Robinson v. Railway, 46 Texas, 541; Railway v. Gilmore, 62 Texas, 391; Railway v. Faber, 63 Texas, 344; Railway v. Scott, 64 Texas, 549; Railway v. Rider, 62 Texas, 267; Dallas v. Railway, 61 Texas, 196; Cool. on Torts., pp. 543, 545.

3. One who without being employed to do so assists servants at their work is deemed to be their fellow servant within the meaning of the general rule, so as to limit the liability of the master to him, and this is so even where such assistance is given at the request of the servants. Mayton v. Railway, 63 Texas, 77; Eason v. Railway, 65 Texas, 577; Degg v. Midland Co., 1 H. & N., 773; Wood's Mast. and Serv., 2 ed., secs. 435, 455; Sherm. & Red., sec. 106, p. 136; 2 Thomp. on Neg., p. 1045.

4. Minors or infants are liable for necessaries, and when acting for themselves, having neither parent nor guardian, are liable for their contracts in the absence of fraud, nor will minors be upheld in committing fraud. Railway v. Miller, 51 Texas, 270; Crayton v. Munger, 9 Texas, 285; Kegans v. Allcorn, 9 Texas, 25.

5. A court in charging a jury can not assume material facts as established which are incumbent upon the party pleading them to prove. Hughes v. Lane, 25 Texas, 356; Altgelt v. Brister, 57 Texas, 432; Cook v. Dennis, 61 Texas, 246; Medlin v. Wilkins, 60 Texas, 409; Box v. Word, 65 Texas, 159; Austin v. Talk, 20 Texas, 167; Yarborough v. Tate, 14 Texas, 483; Railway v. Rider, 62 Texas, 267.

*B. D. Dashiell* and *Frost & Etheridge,* for appellee.— 1. Appellee was not a fellow servant with the servants of appellants because not employed by the same master. 2 Thomp. on Neg., pp. 1040, 1043.

2. If appellee was not a volunteer but was engaged at the request or with the permission of appellants' agent in a transaction of interest as well to appellee or his master as to the appellants, he was entitled to the same protection against the negligence of appellants' servants as if he were at the time attending to his own private affairs. Eason v. Railway, 65 Texas, 577; Railway v. Bolton, 21 Am. and Eng. Ry. Cases, 501; 2 Thomp. on Neg., p. 1045; Burton v. Railway, 61 Texas, 526.

3. When appellants pleaded a contract of release on the part of appellee, to which he responded by simple plea of minority, such plea was sufficient to avoid the contract of release in toto, unless appellants had pleaded in response that the consideration for such release was a necessary or that it had been procured through fraud. Carpenter v. Pridgen, 40 Texas, 32.

4.    Infants are not liable for the contract price even of necessaries, but only for their actual value.    1 Pars. Con., p. 312; Sayles' New Treatise, sec. 105.

5.    It did not devolve upon appellee to restore the cork leg, but he had a right to recover as much more than the value thereof as he was entitled to.    Baker v. Lovett, 6 Mass., 78; Miles v. Lingerman, 24 Ind., 385; Carpenter v. Carpenter, 45 Ind., 142; Cresinger v. Welch, 15 Ohio, 156; White. v. Branch, 51 Ind., 210.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover damages.    His petition charges in substance that one Burkett had a contract with appellants to load wood upon their cars at different points along their right of way; that appellee was employed by said Burkett and was his servant; that appellants with their own servants were required to furnish and handle the cars for the transportation of the wood; that at the time of plaintiff's injury the piles of wood to be loaded were lying at some distance from each other; that appellants, in order that the wood might be loaded more conveniently, divided their train into sections of one or two cars, placing them opposite to the piles of wood; that as fast as one car or two cars were loaded they were shoved down by hand to the caboose; that plaintiff was requested by the servants of the receivers to assist them in so pushing by hand two of the cars in order to form the train, and that while he was so doing he was injured by the negligence of appellants' servants.

The petition charged that the assistance so rendered by appellee " was necessary in order to expedite said Burkett's business."

The defendants filed a general demurrer to the petition, which was overruled by the court.    They also pleaded, what they call in their brief, a special demurrer, but which is in fact a general demurrer argumentatively expressed.

In the case of Eason v. Railway, 65 Texas, 578, it was said that "where one having no interest in the loading of a car, or in the carriage or delivery of passengers or freight, volunteers to assist in reference to such matters, and whilst thus engaged is injured, he stands in the same position as a regular employe engaged in the particular service, so far as any right of recovery for his injuries is concerned.    But the case is different when the injured party was acting at the time in furtherance of his own or his master's business."

It is an uncontroverted fact that the plaintiff was injured by the negligence of one of the servants of the defendants whom he was engaged in assisting.    Under the rule above announced he was not entitled to recover if he was assisting to move the cars as a mere volunteer.

If, on the other hand, he was engaged in expediting his master's busi-

ness he, if not himself guilty of contributory negligence, had a cause of action if he was injured by the negligence of defendants' servants.

If the petition had been specially excepted to upon the ground that it failed to state in what manner he was expediting the business of his employer the exception should have been sustained. In the absence of a special exception the petition was good, because it contained the allegation that his assistance was necessary to expedite his master's business, and there was no error committed in overruling the general demurrer to it.

While the petition was sufficient to authorize proof by plaintiff that he was engaged in expediting the business of his employer, he totally failed to offer such evidence. The record before us shows that he acted as a mere volunteer. The court erred in charging the jury as if there was some evidence before them on that issue. Upon another trial if the evidence fails to show that plaintiff was, as he alleges, expediting the business of his employer, but shows that he was a mere volunteer, the only proper charge that the court can give will be a direction for a verdict in favor of the defendants.

The plaintiff was a minor when he was injured and when he filed his suit. The defendants pleaded a release by the plaintiff in consideration of their furnishing him with an artificial leg.

The defendants, under proper pleadings, should if plaintiff recovers be allowed the value of the artificial limb so furnished, but the release should not, under the circumstances of this case, be given any greater effect than that.

We do not think that the record shows any error in the other particulars complained of.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered February 10, 1891.

Motion for rehearing argued by *Frost, Etheridge & Dashiell.*
Motion refused.