T. R. Bonner et al., Receivers, v. A. B. Bryant.

No. 36.

**1. Fellow Servant.**—Appellee was in the employ of one Burkitt, who had a contract with appellants to furnish them wood. While engaged in loading appellants' cars with wood, appellee was requested by a brakeman to assist him in pushing two loaded cars to the caboose, and was directed by the brakeman to get between the two cars, which were coupled together, in order to move them easily. He did so, and while pushing the cars, which were slowly moving, the brakeman mounted one of them, upon which was a set brake, and, without warning or notice to appellee, unfixed the brake, whereby the cars were caused to move suddenly forward, and caught appellee's foot and crushed his leg. Under the facts, appellee was not a fellow servant of the brakeman and thereby precluded from recovery.

2. **Volunteer — Proper Charge.** — The trial court in substance charged that plaintiff was in Burkitt's employment, and that it was not his duty to push the car, or to assist in doing so, unless such aid was reasonably necessary in expediting Burkitt's business and in furtherance thereof; and that if he pushed the car only in response to the brakeman's request, and as an accommodation to him, and not because it was necessary to the furtherance of Burkitt's business as an act reasonably incident to appellee's duties, then he would be a volunteer, and could not recover. But if the brakeman requested or directed Bryant to assist in removing the cars, in order to make up the train, and if Bryant did so as an act reasonably necessary in loading the train, and moving the wood for Burkitt, appellee could recover, if he was hurt through the negligence of the brakeman. This charge fairly submitted the issue to the jury.

3. **Charge—Plaintiff's Belief.**—"You must determine from the evidence for what purpose Bryant went to push the cars, and whether his act in pushing the cars down to the caboose was or was not reasonably necessary under the terms of his employment, and considering the nature of his duties in the furtherance of and expediting Burkitt's business, or whether he acted as a volunteer and as an accommodation to the brakeman, under the belief that to push the cars was a part of his duties, and not for the purpose of expediting Burkitt's business." The charge improperly alluded to appellee's belief, for his right to recover could not depend upon his belief, but upon the facts found by the jury; but the charge given, fairly construed, did not authorize a recovery on the basis of appellee's belief, and judgment is affirmed.

Appeal from Leon. Tried below before Hon. Norman G. Kittrell.

*Cate & Teagarden*, for appellants.—Plaintiff's right to a recovery did not depend upon his belief. Patt. Ry. Acc. Law. secs. 52, 53.

*Sam R Frost, B. D. Dashiell, and F. M. Etheridge*, for appellee.—Appellee in pushing the car was expediting his master's business. Bonner v. Bryant, 79 Texas, 540; Eason v. Railway, 65 Texas, 577; Railway v. Bolton, 21 Am. and Eng. Ry. Cases, 501.

WILLIAMS, Associate Justice.—Appellee sued appellants as receivers of the International & Great Northern Railroad Company, to recover damages for a personal injury, which appellee alleges was inflicted upon him through the negligence of a brakeman in their employment. Verdict and judgment were rendered in the lower court against appellants for $2500, from which they bring this appeal.

The facts, as we find them from the record, are, that appellee, while in the employment of one Burkitt, who had a contract with appellants to furnish them with wood for their road, and while engaged in loading cars belonging to appellants with wood thus furnished by Burkitt, was requested by a brakeman in appellants' service to assist in pushing two cars, then loaded, for the purpose of coupling them to the caboose, and was directed by such brakeman to get between two cars, which were coupled together, in order to move them more easily. He did so, and

while he was pushing against the front car, while both cars were slowly moving, the brakeman mounted one of them, on which a brake was set, and, without notice or warning to appellant, unfixed the brake, whereby the cars were caused to move suddenly forward and caught appellant's foot and ran over his leg and crushed it, necessitating amputation. Appellant, in thus pushing the car, was acting in furtherance of his master's business, as well as that of appellants. He was between 17 and 18 years of age, had not been long engaged in that work, and it was reasonably safe for him to get between the cars and push as he did, if there had been proper care on the brakeman's part; and we conclude that he was not guilty of negligence in acting as he did, but that, in unsetting the brake without notice or warning, the brakeman was guilty of negligence which caused the injury. Appellee was damaged to the amount found by the jury.

The evidence adduced in the trial below would, perhaps, have warranted the jury in finding that appellee was not acting in Burkitt's interest when he was hurt, but in view of their finding we adopt the conclusion that he was.

The court charged the jury, in substance, that appellee was in Burkitt's employment, and that it was not his duty to push the cars or assist in so doing unless such aid was reasonably necessary in expediting Burkitt's business and in furtherance thereof; and that, if he pushed the cars only in response to the brakeman's request, and as an accommodation to him, and not because it was necessary to the furtherance of Burkitt's business, as an act reasonably incident to appellee's duties, then he would be a volunteer, and could not recover. But that if the brakeman requested or directed Bryant to assist in removing the cars in order to make up the train, and if Bryant did so as an act reasonably necessary in loading the train and moving the wood for Burkitt, and in furtherance of Burkitt's business by facilitating the loading of the cars and making up the train, appellee could recover, if he was hurt through the negligence of the brakeman.

Another portion of the charge, which is assigned as error, is as follows: "You will determine from the evidence for what purpose Bryant went to push the cars, and whether Bryant's act in pushing the cars down to the caboose was or was not reasonably necessary under the terms of his employment, and considering the nature of his duties in the furtherance and expediting Burkitt's business, or whether he acted as a volunteer and as an accommodation to the brakeman, and not under the belief that to push the cars was a part of his duties, and not for the purpose of expediting Burkitt's business.

Under the facts stated appellee can not be treated as a fellow servant of the brakeman, and therefore precluded from recovering. Eason v. Railway, 65 Texas, 577; Bonner & Eddy v. Bryant, 79 Texas, 540. And

as he was not himself guilty of negligence which contributed to his hurt, and as the brakeman's negligence caused his injuries, the appellants are liable.

The portion of the charge complained of improperly alluded to appellee's belief as to whether or not it was a part of his duty to push the cars, for his right to recover would depend upon the facts to be found by the jury, and not upon his belief. The charge, however, does not instruct the jury that his belief on the subject would constitute the basis of appellants' liability, and the jury would not have been warranted in so understanding it, in view of the previous and repeated specific directions, that his act must have been reasonably necessary in furthering or expediting his master's interests. It would not be a fair construction of the charge to hold that it authorized a recovery upon appellee's belief. Rather should it be interpreted to mean, if any effect whatever is to be given to such belief, that it must have existed in addition to the other facts defined as essentials to a verdict in appellee's favor.

The charge fairly submitted the issues to the jury, and the evidence is sufficient to support it, and the judgment is therefore affirmed.

*Affirmed.*

Delivered November 24, 1892.