## CLOSE QUESTION AS TO WHETHER THE INJURED PLAINTIFF WAS A VOLUNTEER.

Common Pleas Court of Hamilton County.

BRUNO WALTER v. THE AMERICAN SOAP COMPANY ET AL.

Decided, April 5, 1912.

*Pleading—Allegations Sufficient to Save the Plaintiff from the Rule Denying to a Volunteer the Right to Maintain an Action for Injuries.*

Where a plaintiff, suing for damages for injuries, names his own employer and a tenant of his employer as defendants, and alleges that the injury occurred while he was assisting the foreman of said tenant, and that the assistance was being rendered at the request of said foreman, and that as the owner of the premises it was beneficial to his own employer, a demurrer interposed by said tenant does not lie on the ground that the plaintiff at the time of the accident was acting as a mere volunteer.

*Gustav R. Werner*, for plaintiff.
*Galvin & Bauer*, contra.

GORMAN, J.

On demurrer to amended and supplemental petition.

A demurrer was filed to the petition herein some time ago, on the ground of a misjoinder of parties defendant, and on the ground that the allegations of the petition do not show facts sufficient to constitute a cause of action against American Soap Company, defendant.

I sustained the demurrer to the petition on both grounds. Thereupon the plaintiff amended his petition, and filed what he calls an amended and supplemental petition against the American Soap Company only, without asserting any claim or cause of action against the other defendant, Brankamp.

The original petition filed against the defendants undertook to hold the American Soap Company and Lewis S. Brankamp,

its general manager. The petition also disclosed that the plaintiff who claimed to have been injured while lifting a barrel of soft soap belonging to the defendant company by reason of the negligence of Brankamp, was a mere volunteer, and I held that as such he could not recover against the company for any damages which he sustained while thus acting. In his amended and supplemental petition, plaintiff has set up allegations, which to the mind of the court discloses that he was not a mere volunteer. He alleges that at the time of the injuries which he sustained, he was in the employ of Albert and Mary Eckerlein; that the defendant company was a tenant of Albert and Mary Eckerlein, at No. 11 West Clifton avenue, Cincinnati, Ohio; that Lewis S. Brankamp was the general manager of the defendant company; that he requested Albert and Mary Eckerlein to permit the plaintiff to act with him, Brankamp, for the purpose of delivering a barrel of soft soap weighing about seven hundred pounds, to one George Hammerding, at Vine and Elder streets in Cincinnati. He further avers that his employers, Albert and Mary Eckerlein, requested him, the plaintiff, to comply with such request and to accompany Brankamp and assist him in the delivery of the soap. He further avers that at this particular time when the request was made of him to accompany said Brankamp, the said Brankamp was the general manager of the defendant company, and as such general manager, he had the power and authority to employ servants on behalf of the defendant company, to direct and control their movements and to discharge them when he saw fit. He then sets out the manner in which he was injured.

There are two cases in Ohio which touch upon this proposition of the liability of a defendant to a plaintiff who was injured under some such circumstances. *Railway Company* v. *Bolton,* 43 O. S., 224; *Railroad Company* v. *Marsh,* 63 O. S., 236.

The question to be determined in this case is whether or not the plaintiff was a mere volunteer at the time he was injured. The allegation as to the authority of Brankamp to employ plaintiff as the general manager of the company, and that it was at the request of the plaintiff's employers, Albert and Mary Eckerlein,

that he accompanied Brankamp and assisted him in delivering the soap, whereby he was injured, did not appear in the original petition.

Judge McIlvain, in *Street Railway Co.* v. *Bolton,* 43 O. S., 226-227, says:

"It is also well settled that a person who without any employment, voluntarily undertakes to perform services for another, or to assist the servants in the service of the master, either at the request or without the request of such servants, *who have no authority to employ* other servants, stands in the relation of a servant for the time being, and is to be regarded as assuming all the risks incident to the business."

Now this case at bar is distinguishable from the case in 63 O. S., and is similar to the case in 43 O. S. just cited, because Brankamp, the general manager, is alleged to have had authority to employ servants for the prosecution of his employer's or master's business, the defendant company. It is also alleged that the plaintiff did not act voluntarily, but at the direction and request of his own employers, and this we think, takes the case out of the class of a mere volunteer.

This question was present in the case of *Eason* v. *S. & E. T. Railway Co.,* 65 Texas, 577.

In that case the facts avered were that the plaintiff was not an employe of the railway company, but he was in the employ of the owners of a mill that shipped lumber by the railway company's cars. The plaintiff's business was to load lumber on the cars for his employers, the owners of the mill. The car which he attempted to couple to the train was placed in the situation it occupied for the purpose of being loaded with lumber by the servants of the owners of the mill. The car was so located that it could not be conveniently loaded, and to have it hauled upon the track was a matter of interest to *the plaintiff's employers.* This fact was called to the attention of the conductor of the train by the plaintiff himself, acting on behalf of his employers, the owners of the mill. The conductor being short of brakemen, asked the plaintiff to couple the car desired, to the one immediately in front of it, which the plaintiff consented to do; and in

its performance, received the injury complained of, through the negligence of the engineer. The service the appllant was performing at the time was in furtherance of the master's interest in having the car placed where it could be loaded more conveniently, and, hence, expedited in starting for the destination of the lumber. He was still acting in the capacity of a servant for Carlisle & Snelling, the owners of the mill; was doing so at the request, and, of course, with the permission of the defendant company. A demurrer was interposed to this petition and sustained by the lower courts upon the theory that the plaintiff in the case was a mere volunteer. The Supreme Court reversed the lower court and held that it was error to sustain the demurrer.

I think that the averments of the amended and supplemental petition in the case at bar bring the plaintiff's case well within the rule laid down in 65 Texas, 577. See also the case of *Wright v. London & N. W. R. R. Co.*, 1 Q. B. Div., 252.

In view of the changed averments in the amended petition, I am of the opinion that the demurrer should be overruled.

It is a close case at best, and turns upon the question of whether or not the assistance rendered by the plaintiff to the defendant company at the request of Brankamp was a benefit to the plaintiff's employers, Albert and Mary Eckerlein. It certainly was no benefit to himself, but inasmuch as he was in the employ of Albert and Mary Eckerlein, and the defendant company was a tenant of theirs in their premises, and it is averred that it was for their interest and beneficial to them, that the plaintiff should assist the defendant company, I am of the opinion that these averments are sufficient to make the amended and supplemental petition proof against the demurrer.

The demurrer will therefore be overruled.