**STALLCUP v. UNITED GAS PUBLIC SERVICE CO.**

No. 13760.

Court of Civil Appeals of Texas.
Fort Worth.

May 6, 1938.

Rehearing Denied Sept. 9, 1938.

ed laying its pipeline across the railway right-of-way at a point in Fort Worth, Texas, and had three joints of steel pipe about 20 feet long left on hand at that place; the pipes were about 18 inches in diameter, weighed nearly 1,000 pounds each, were cumbersome and difficult to handle. Appellant owned a truck and was engaged in the business of hauling articles of all kinds, which could be transported on his truck; he entered into an oral contract with appellee, the latter acting through its agent, D. W. Powers, by the terms of which appellee would load and unload said joints of pipe, and appellant would haul them from that point to appellee's warehouse, about three miles away, for the consideration of $1.50. On the occasion mentioned, appellant drove his truck to the point where the pipes were situated and appellee's employees began loading the pipes onto the truck; they had placed two joints thereon and were in the .act of loading the third, when said D. W. Powers, the foreman of the loading crew, directed plaintiff to get a crow bar and prize said pipe over another joint · that had already been loaded; appellant, in obedience to said request, and for the purpose of expediting such loading, so that his truck would not. be unnecessarily detained, undertook said act; while so assisting, the said Powers negligently shoved said pipe against the other so as to cause appellant's hand to be caught between the crow bar and a bolt on the truck, resulting in permanent injury, fully described in the petition. Allegations were made that Powers well knew of the presence and position of appellant at the time he negligently shoved said pipe, which caused the injuries. That if Powers did not have actual knowledge of said facts, he could and should have known' them by the exercise of ordinary care; the negligence of Powers was the proximate cause of appellant's injuries, and that he was damaged in the sum of $1,662.00, for which he prayed judgment.

Marvin Roberson and Claude Spratling, both of Fort Worth, for appellant.

Vinson, Elkins, Weems & Francis, Thomas Fletcher, and I. M. Wilford, all of Houston, for appellee.

SPEER, Justice.

Appellant, J. S. Stallcup, sued appellee, United Gas Public Service Company, a private corporation, for damages, growing out of an injury sustained by him while loading pipes on his truck for transportation to appellee's warehouse.

As disclosed by appellant's petition, insofar as is necessary to here show, appellant was injured under the following conditions: On about May 7th, 1935, appellee had finish-

Appellee (defendant below) answered with a general demurrer, general·denial and special pleas; the latter consisted substantially of the following matters: That Powers had no authority to make any contract with appellant, but that he did communicate to appellant a proposition from another representative of appellee authorized to act, towit, W. J. Fitzgerald, which was accepted by appellant; that appellee would load said three joints of pipe onto appellant's truck and would unload them

at the destination, and pay appellant $1.50 for the hauling; that appellant was in no event to have anything to do with the loading or unloading and the appellee was not to be responsible to appellant for himself or his truck in performing his part of the contract. A denial was made that Powers, or any other employee of appellee, requested appellant to aid in the loading at the time he was injured. That while its employees were loading said third joint of pipe on the truck, without a request, authority or consent of appellee's agents and employees, the appellant undertook and volunteered to take part in the loading, by prizing on said pipe with a crow bar, as a result of which he received the injuries complained of; allegations are made that appellant was not in the employ of appellee but was an independent contractor in the manner and for the purposes set out. Certain allegations of contributory negligence by appellant were made, but we think it unnecessary to set them out, since the jury found against them, and no complaint is made of the verdict on that account.

A replication or supplemental petition was filed by appellant, but it is, in the main, the same as his original pleadings, repeating the allegations with reference to the request of Powers for his aid in loading, and that he responded to the request to facilitate the loading of his truck, so that it would not be unnecessarily detained at the place of loading; he too alleged he was not an employee of appellee, nor a fellow servant of its employees, and that he did not assume a resulting injury from the negligence of said employees.

A jury was demanded, and rendered a verdict upon special issues submitted. Both parties filed motions for judgment upon the verdict; appellant's motion was overruled and that of appellee was sustained; judgment was entered against appellant to the effect that he take nothing. Motion for new trial was overruled, exception taken and appeal perfected by appellant, Stallcup, to this court.

The verdict as disclosed by the answers to special issues, was that D. W. Powers (the appellee's alleged foreman) did not request plaintiff to aid in loading the pipe; Powers told appellant that Fitzgerald, representative of appellee, had told him, Powers, to inform appellant that the company would pay him $1.50 to haul the pipe, but that the loading and unloading must be done by the employees of the company alone, and that he, the appellant, must not take any part in the loading or unloading. Powers shoved the pipe while loading, and caused it to strike the crow bar in appellant's hands, producing his injuries; Powers' acts were negligence, and were a proximate cause of appellant's injuries; appellant was damaged in the sum of $1,312; the accident was not unavoidable; appellant was not guilty of contributory negligence in the matters plead by appellee. Because of appellant's assignments challenging issues Nos. 15 and 16, we here quote them. No. 15 reads: "Do you find from a preponderance of the evidence that the four employees of the defendant engaged in loading said pipe could not have loaded the same within a reasonable time?" No. 16 was: "Do you find from a preponderance of the evidence that the defendant company did not have sufficient force to expeditiously load said pipe?" Both of these inquiries were answered "No." The jury further found that plaintiff, Stallcup, rendered his assistance in the loading of the pipe only as an accommodation to the defendant's employees then engaged in the loading.

There is no statement of facts filed, and for that reason we can only review such matters as are presented by the record before us.

Appellant earnestly insists that the trial court should have sustained his motion for judgment upon the verdict rendered, and having failed to do so, we should reverse the judgment and render it in his favor upon this appeal.

His contention is based upon two theories: First, because the assistance which he attempted to render in the loading, at which time he was injured, was occasioned by the invitation of Powers to do so and to facilitate the speedy loading of his truck, so that he would not unnecessarily be detained from the performance of his contract; and, second, because he was invited by appellee upon its premises for the mutual benefit of both parties, it therefore owed him the duty of exercising ordinary care to avoid his injury.

 Under the first subdivision of these contentions, several propositions pertinent to assignments of error are presented. By them a very interesting point of law is raised. Clearly appellant was not an employee of the appellee company, as that term is most commonly used. At the time he was injured, he was assisting ap-

pellee's employees in loading the pipe onto the truck. He was rendering a service to appellee which apparently was acceptable to other employees engaged in the work, but which assistance, under his contract with appellee, he was forbidden to do, and therefore he could not assume that some employee had authority or even apparent authority to request it of him. But he plead he was doing it both because he was so requested and for the further reason and purpose to facilitate the loading in a shorter time, so as to not unnecessarily detain his truck at the place of loading, and so that he might promptly perform his contract of hauling the pipe to its destination. His theory was correct, that even though he was not an employee of appellee, but if, in an effort to aid its employees in accomplishing their work, he was at the same time enhancing his own personal interest in getting the truck loaded and on its way to the warehouse, he would have been entitled to protection against the negligence of appellee's agents and employees. The last announced principle of law is sound, but the facts, as disclosed by the jury's verdict, do not bring the case within the rule. If, as found by the verdict, appellant was assisting in the loading at the time of the injury, only as an accommodation to the defendant or its employees engaged in loading the pipe, he would not be brought within the rule announced, but would be a mere volunteer and could not recover for the common negligence of the employee, Powers. As above shown, it was found that appellee had forbidden him to assist in the loading; that Powers did not request his aid, and by answering another issue it was said that such assistance as he did render in the loading was only as an accommodation to the defendant's employees engaged in loading the pipe. There was a further finding by the jury, which tends to disprove appellant's contention that he was assisting in the loading, to prevent the unnecessary detention of his truck; it was found that appellee had a sufficient force engaged in the work to have loaded the truck within a reasonable time; this being true, appellant's aid was not necessary, as claimed by him; the fact that his assistance was rendered only for the accommodation of appellee's employees makes his act a voluntary one, and at most he could only be classed as a fellow servant with those whom he was assisting, and the negligent act of Powers would not render the master (the appellee in this case) liable for his injuries. The foregoing statements of what we conceive to be the established law in this State are supported by the following authorities from this and other jurisdictions: Mayton v. Texas & P. Railway Co., 63 Tex. 77, 51 Am.Rep. 637; Eason v. S. & E. T. Ry. Co., 65 Tex. 577, 57 Am.Rep. 606; Bonner & Eddy v. Bryant, 79 Tex. 540, 15 S.W. 491, 23 Am.St.Rep. 361; Id., 1 Tex.Civ.App. 269, 21 S.W. 549; El Paso Laundry Co. v. Gonzales, Tex.Civ.App., 36 S.W.2d 793, writ dismissed; Beale & Strayhorn v. Clayborn, 152 Miss. 681, 120 So. 812; Knicely v. West Virginia M. R. Co., 64 W.Va. 278, 61 S.E. 811, 17 L.R.A.,N.S., 370; Geer v. Sound Transfer Co., 88 Wash. 1, 152 P. 691, L.R.A.1916B, 987. The jury verdict precluded a recovery by appellant upon the theory that he was assisting appellee at a request of an employee and to facilitate the loading of his truck to avoid an unnecessary delay in hauling the pipe. Appellant being a mere volunteer in performing the services at the time he was injured, the master's liability was controlled by the fellow servant law as recognized in this State. By this token the appellee could not be held liable for damages resulting from the common negligence of another employee. 29 Tex.Jur., p. 72, sect. 37. None of the exceptions and qualifications of the fellow servant rule appear here and they need no discussion at our hands.

The second ground mentioned upon which appellant relies is not well founded; that is, because appellant was an invitee upon appellee's premises it owed him ordinary care and the negligence of an employee would render the master liable for resulting damages. We do not see in this case the rule applicable to those invited to go upon premises. The pleadings of appellant do not indicate that the matters complained of happened upon appellee's premises; appellant's brief in several places asserts this to be true, but being challenged by appellee, counsel for appellant respond that they had no intention to mislead the court into a misapprehension of the facts, and cite the pleadings to support the point that it is not contended that the injuries were sustained on appellee's premises. We find from the pleadings no such allegations were made; the most that can be said of the place of the accident, is that it occurred on what may be considered neutral ground;

that is, a place where both parties apparently had a perfect right to go, without leave or license from the other, for the purposes of carrying out the contract entered into between them. Both parties being rightfully upon the premises for purposes agreed upon, the appellee's employees were in the act of loading the truck with the heavy and cumbersome pipes, pursuant to its contract with appellant; the latter was forbidden by the appellee, under the contract, to assist in any way with the loading; he perhaps was standing by watching the employees labor in loading the 1,000 pound joints of pipe; the four men engaged in the work no doubt were put to their utmost to accomplish the task; the appellant, as shown by the jury verdict, volunteered to come to their assistance at a critical time, and with a crowbar attempted to aid in locating the pipe at the proper place; this was done, say the jury, only for the purpose of accommodating those employees engaged in the loading. In one sense, appellant's acts were commendable, but they were purely voluntary upon his part and while thus engaged he cannot hold the appellee responsible for the ordinary negligent acts of an employee engaged with him in the work, for the reasons and under the authorities above set out.

Complaint is made of the submission of special issues 15 and 16, above quoted, based upon the grounds that the question of whether or not appellee had furnished an adequate force to load the pipes within a reasonable time was not involved in the case, and further, because the manner in which issues were worded, the burden of proof was improperly placed upon appellant. There is no merit in these contentions. Under appellant's pleading that he attempted to aid in the loading, to the end that his truck would not be detained an unnecessary length of time, it was incumbent upon him to show that appellee had not provided sufficient help at the time and place to avoid such a contingency, and he therefore was justified in attempting to assist them, to further his own enterprise. The jury found against him and in the absence of the facts we cannot say the finding was without support in the evidence.

We have carefully considered every phase of this appeal presented by appellant, either in assignment of error or by points and propositions claimed to be germane or relevant thereto, and we find no error presented for which a reversal should be had. We therefore overrule the assignments and affirm the judgment of the trial court.