**Earl CHRISTIAN, d/b/a Christian Truck Lines, et al., Appellants,**

v.

**Robert Mike DISHONGH, Appellee.**

No. 312.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 17, 1969.

Rehearing Denied Jan. 14, 1970.

**824**

John M. O'Quinn, Baker, Botts, Shepherd & Coates, Houston, for appellants.

W. P. Bondies, Houston, for appellee.

BARRON, Justice.

This is an appeal from an order of the trial court overruling defendants' pleas of privilege. The lawsuit was filed in Brazoria County, Texas, alleging personal injuries as the result of negligence on the part of the defendant, Daniel Groff, while in the course and scope of his employment for Earl Christian, doing business as Christian Truck Lines. Both defendants reside in Harris County, Texas. By controverting affidavit, plaintiff, Robert Mike Dishongh, alleged that venue was proper in Brazoria County under subdivision 9a of Art. 1995, Vernon's Ann.Tex. Civ.St. The appellants are Groff and Earl Christian, d/b/a Christian Truck Lines.

Appellants contend that they did not owe Dishongh a duty to exercise ordinary care under the circumstances; that there was no evidence of negligence on the part of either defendant; or no evidence that they should have foreseen the accident which occurred, and that it was not shown that the conduct of Groff was the cause in fact of the accident.

On the morning of the accident the appellant Groff, driving a truck for Christian, drove a load of concrete pilings to a construction site in Brazoria County located on property owned by Dow Chemical Company, but occupied by the appellee's employer, Coastal States Construction Company. The truck driven by Groff was the first to arrive at the site on the date of the accident. Other trucks, similarly loaded, were expected at the site within a short time, and Groff knew this. Groff situated his truck at the appointed place and it was unloaded by the appellee and co-employees of Coastal States. After unloading was finished, Groff began rigging his pole-trailer in the customary manner for the return trip. He telescoped the two pipes of the trailer, one inside the other, to bring the end of the trailer closer to the tractor-truck. He then inserted a pin at the appropriate place through the two pipes. Groff testified that someone helped him put the pin in and that there was nothing unusual about being helped in this manner. He further testified that he did not believe he would have objected to being helped with the trailer, because people had helped him telescope the trailer in the past. He testified, however, that he did not ask for help. Next, Groff rigged a safety chain from the area of the rear wheels of the truck to the end of the pole-trailer in order to secure the trailer's collapsed position. He used a boomer to take the slack out of the safety chain. The boomer consisted of two hooks on the end of the jaws which were placed into links on the safety chain, and a handle whose movement causes the jaws to be pulled together, with the result that two links in the safety chain are drawn together, thus taking up the slack.

In order to close the jaws on the boomer, Groff placed a "cheater pipe" over the end of the boomer handle. He stated that before closing the boomer handle he had to let out a length of the chain and that he was having some trouble getting it closed. Groff stated that he had only three or four inches of the boomer handle covered by the

cheater pipe. The cheater pipe was two and a quarter inches on the inside diameter and fit fairly snugly over the end of the boomer handle. The farther down the cheater pipe was on the boomer handle, the less chance there would be of it slipping off. He further said that he could have put the cheater pipe three inches farther down on the boomer handle without running the risk of the cheater pipe and the boomer handle becoming stuck. The cheater pipe was between two and one-half and three feet long. Groff's hands were positioned within a foot of the end of the pipe farthest away from the boomer handle. The boomer and boomer handle were situated between the front and rear wheels, but so close to the front wheels that there was not room enough to stand between the wheels and the boomer handle to pull on the cheater pipe. Pushing toward the truck on the cheater pipe was required as opposed to pulling on it.

After the truck was unloaded, the appellee, Dishongh, and a co-employee, Lambert; were instructed by their foreman to assist the truck driver in rigging his pole-trailers so that Groff could leave the premises, or so that the truck could get out of the way. Groff knew that if a truck was stalled or taking up too much time, it would be important for it to get moved out so other trucks could come in and get their unloading done. Groff was attempting to boom down the safety chain at the time of the accident and had been having trouble doing this. Appellee and his co-employee, Lambert, after receiving the instructions from their foreman, walked behind the rear wheels of the truck and around toward Groff as he was pushing on the cheater bar. As Lambert and Dishongh approached Groff from the back of the truck, Groff looked directly at them and continued to watch them as they proceeded toward him. Groff testified that he saw them when they walked up. Dishongh testified that Groff looked at them when they were about 10 or 15 feet away. When Dishongh and Lambert arrived at a place immediately behind the boomer handle and

cheater bar, Groff testified that Lambert placed a hand or hands on the bar and that Groff felt an additional pressure on the pipe. Appellee did not touch the cheater pipe and could not say whether or not Lambert touched it. At this point the cheater pipe slipped off the end of the boomer handle, causing the boomer handle to fly back and strike the appellee in the eye, this causing the injury for which appellee seeks damages in this suit. This was "just a few seconds" after Lambert took hold of the cheater pipe.

Appellants contend that Dishongh was a mere licensee as to Groff and Christian, and that the only duty owed toward the licensee is not to injure him willfully, wantonly or through gross negligence. However, the premises in question belonged to Dow Chemical Company, and appellee's employer was there with its heavy equipment for the purpose of building a dock. The delivery of the pilings by the appellant Groff was in furtherance of this purpose. Appellant Groff and appellee were working in close proximity on a busy construction site, and each had the right to be present there. Each was aware of the other's presence in the general vicinity. Their objectives, even though employed by different companies, was the same—to unload the pilings and remove the truck from the premises so that another truck might be brought in and be unloaded. We hold that each owed a duty to prevent injury to the other through negligence. See Hernandez v. Heldenfels, 374 S.W.2d 196, 198 (Tex.Sup.). In the present case appellee had been instructed by his foreman to assist Groff in rigging the truck. Other trucks were expected on the site, and both appellee and appellant recognized the need to unload the truck and get it off the premises so the area would be clear when the other trucks arrived. In going to assist Groff, Dishongh was attempting to enhance the interest of Dishongh's employer under the direction of his supervisor. Appellee's employer, Coastal States Construction Company, was in con-

trol of the premises insofar as appellants were concerned. Appellants were invited there to make a delivery of goods in furtherance of the building of the dock. Dishongh had an undoubted right to be where he was at the time of the accident, and Groff knew he was there and saw him. Appellants owed a duty to use ordinary care and not to injure appellee through its negligence. The case of Stallcup v. United Gas Public Service Co., 119 S.W.2d 574, 577 (Tex.Civ.App.), writ dismd., does not support appellants' position. Neither does Trio Transport, Inc. v. Henderson, 413 S.W.2d 806 (Tex.Civ.App.), writ ref., n. r. e., lend support. In the latter case the court held that a person may be an invitee as to a certain place but not to another, and in that case the defendant did not authorize the injured plaintiff to go under the derrick there involved while defendant was loading it. On the contrary such defendant directed plaintiff not to go under it. Here, appellee's foreman directed him to assist Groff to get the truck out of the way, and appellants concede in their oral agrument that appellee had a right to be where he was at the time of the accident.

But appellants contend that there is nothing to indicate that the appellants should have foreseen that the appellee and Lambert would have been at the scene of the accident until a brief instant before the accident did in fact occur, and that foreseeability is an element which must exist concurrently with the act or omission which is negligent. Foreseeability, however, is an element of proximate cause. Among other acts of negligence, appellee in his controverting affidavit alleged that Groff was negligent in failing to have the cheater pipe down far enough on the boomer handle for safety, and that Groff was negligent in failing to warn the plaintiff that the cheater pipe was only partially on the boomer handle.

■ The cheater pipe was three to four inches down on the boomer handle, and it could have been pushed down another three inches. There was evidence that there would have been less chance of its slipping off the end of the handle if it had been pushed down farther. There is further evidence that Groff was aware that appellee and Lambert were approaching at the place where Groff was working, and that Groff continued to apply pressure on the pipe and that he did not warn the approaching men that the situation was potentially dangerous. Groff had been helped in rigging his truck just before the accident. He stated that it was not unusual for him to be helped, and that he had no objection to being helped. We hold that Groff had sufficient time to warn appellee of the dangers or potential dangers involved, or that at least a question of fact was raised in this connection. He was looking at appellee for a distance of some 10 or 15 feet away. Moreover, the accident did not occur instantaneously after Lambert took hold of the cheater pipe as contended by appellants. The few seconds involved, estimated at from five to ten seconds, and his knowledge of appellee's presence, raised issues of fact concerning Groff's ability to warn and to foresee the dangers involved. Foreseeability as an element of proximate cause is a question of fact, and the trial court found for appellee with sufficient evidence in the record to support such finding. The same approach can be taken to each of the other negligent acts alleged. Cases cited by appellants, Griner v. D. & L. Well Service, 324 S.W.2d 231 (Tex.Civ.App.), writ. ref., n. r. e.; and Conner v. Chatman, 272 S.W.2d 136 (Tex.Civ.App.), no writ hist., are distinguishable. In the Griner case above, there was no explanation for the action of the defendant's employee in dropping a pump which plaintiff and defendant's employee were carrying and which injured the plaintiff. On the other hand the plaintiff there admitted that the employee suddenly slipped and fell while descending a muddy firewall. The court there held that the accident was over in an instant, and that a warning would have been impossible. For appellants' negligence to be regarded as a proximate cause of the injuries it is not neces-

sary that appellants should or would reasonably anticipate the very consequences or exact nature of appellee's injury or the precise manner of its infliction. It is sufficient that the appellant, Groff, would reasonably have anticipated consequences or an injury of the general nature of that which ensued. Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352, 356, and cases there cited.

■ On appeal from an order overruling a plea of privilege every reasonable intendment must be resolved in favor of the trial court's judgment. We find the evidence sufficient to sustain the order of the trial court, and it is consequently affirmed.

Affirmed.